RAY COUNTY SAVINGS BANK, Appellant, v. J. R. HOLMAN, Respondent.

**Kansas City Court of Appeals, November 18, 1885.**

1. **Appellate Practice:** TRIAL BEFORE COURT WITHOUT OBJECTION. Where the trial is before the court without objections or instructions, if there is any testimony tending to support the judgment on any theory, it must be affirmed.

2. **Chattel Mortgage:** WHERE RECORDED: SCIENTER: ATTACHMENT. A chattel mortgage must be recorded in the county where the mortgagor resides, though the mortgaged property be in another county, in order to be valid as against attaching creditors with or without notice of its existence.

*Appeal from the Ray Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*J. W. Shotwell & Son* for plaintiff.

(1) The chattel mortgage from James B. Perkins to plaintiff on all the goods in controversy to secure $600, executed, acknowledged, and recorded long prior to the levying of the attachment upon said goods in favor of the Martin-Perrin Mercantile Company was valid as between the parties, as to all goods specified therein; and as to the fixtures, was valid against all

persons, creditors, purchasers or otherwise. The evi-
dence showing that none of the fixtures were ever sold
or offered for sale, and by the terms of the mortgage
were not to be sold, for the benefit of said Perkins.
*Donnell v. Byern*, 69 Mo. 468; *Bullene v. Barrett*, 87
Mo. 185, particularly on page 191. (2) The mort-
gage in controversy was recorded in the proper county,
to wit, Ray county. In the first part of the mortgage
it is stated, "Know all men by these presents, that I,
the undersigned James B. Perkins, of Richmond, Mis-
souri, in consideration of the sum of $600, do sell,
assign, etc." Further down in the mortgage it is
recited that, "if James B. Perkins attempts to remove
the property from this, Richmond, Ray county, Mis-
souri." The acknowledgment shows that it was taken
before John F. Morton, a notary public in and for Ray
county Missouri. The recital in the mortgage tends to
show the fact that James B. Perkins was a resident of
Ray county, Missouri, at the time he executed the mort-
gage and the same can not be contradicted by extrinsic
evidence. The answer of James B. Perkins to the
question, "How long have you resided in Excelsior
Springs?" (Answer. "I think for about seven years.")
can not prevail over the recitals in the mortgage as to
the place of his residence at the time of its execution,
his answer being a general one, and his attention not
being called to the recitals in the mortgage on that
point.

*Lavelock, Kirkpatrick & Divelbiss* for respondent.

(1) The mortgage in controversy is invalid be-
cause not recorded in the county where the mortgagor
resided. 2 R. S. 1889, sec. 5176; *Bevans v. Bolton*, 31
Mo. 437; *White v. Graves*, 68 Mo. *loc. cit.* 223; *State
ex rel. v. Sitlington*, 51 Mo. App. *loc. cit.* 258–259.

(2)   A chattel mortgage not recorded as required by law is invalid even as to creditors with actual notice of its existence.   *Bryson v. Penix*, 18 Mo. 13; *Bevans v. Bolton, supra*; *White v. Graves, supra*; *Wilson v. Milligan*, 75 Mo. *loc. cit.* 42; *Rawlings v. Bean*, 80 Mo. 614; *Collins v. Wilhoit*, 108 Mo. *loc. cit.* 458; *Selking v. Hebel*, 1 Mo. App. 340; *Funkhouser v. Ingles*, 17 Mo. App. *loc. cit.* 239; *Hughes v. Menefee*, 29 Mo. App. *loc. cit.* 203; *State ex rel. v. Sitlington, supra.*   (3) The case was tried by the court, no instructions or declarations of law being asked or given; the judgment will therefore be upheld by this court if it can be sustained on any possible theory of law applicable to the facts.   *Holliday v. Langford*, 13 Mo. App. 594; *Gentry v. Templeton*, 47 Mo. App. 55; *Kelley v. Gay*, 55 Mo. App. *loc. cit.* 40; *Pitkin v. Mott*, 56 Mo. App. 401; *McQuary v. Geyer*, 57 Mo. App. 213; *Heman v. Handlan*, 59 Mo. App. 490.   (4)   If there is any substantial evidence to support the finding of the court the same will not be disturbed on appeal.   *Rice v. Arnold*, 58 Mo. App. 97; *Caruthers v. Williams*, 58 Mo. App. 100; *Irvin v. Karnes*, 58 Mo. App. *loc. cit.* 256; *Heintz v. Mertz*, 58 Mo. App. 405; *Pearson v. Gillett*, 55 Mo. App. *loc. cit.* 318.

GILL, J.—Plaintiff bank brought this action for the recovery of a stock of drugs and store fixtures which formerly belonged to one Perkins and which was located in Richmond, Ray county. Plaintiff claimed the goods by virtue of a chattel mortgage made by Perkins in April, 1893, to secure a debt of $600 he was owing the bank. The defendant bases his claim to the property on a writ of attachment which he, as sheriff, had levied September 21, 1893, in the suit of Martin-Perrin Mercantile Company *v.* Perkins.

The issues were tried by the court without the aid of a jury. Defendant had judgment and plaintiff appealed.

No instructions were asked or given, nor are there any questions raised on the pleadings, or the admission or rejection of evidence, and hence, if there is any testimony tending to support the judgment on any theory, it must be affirmed.

At the trial, the mortgagor and debtor, Perkins, was sworn as a witness. He testified that when the mortgage was executed and given to the plaintiff, he (the mortgagor) was a resident of Excelsior Springs, in Clay county, Missouri, and that he had remained so ever since. The mortgage was not filed for record in Clay county, but was recorded in Ray county, Missouri, where the stock of goods was kept. The chattel mortgage, therefore, under which plaintiff claims, was clearly, under the statute, rendered invalid. "No mortgage * * * of personal property * * * shall be valid against any other person than the parties thereto, unless possession of the mortgaged property be delivered and retained, etc., or unless the mortgage be acknowledged and recorded *in the county in which the mortgagor* or grantor resides," etc. This mortgage was not so recorded in the county where Perkins, the mortgagor resided. The courts of this state are rather strict in requiring a compliance with this statute, as will be seen by an examination of the cases cited in brief of counsel. Directly in point, see *Bevans v. Bolton,* 31 Mo. 437. Also *Martin-Perrin Mercantile Co. v. Perkins* (decided by us this term). Nor is it of any consequence that the mortgaged goods were, at the time, situated in another county than that where the mortgagor resided; the law remains the same. Nor does it matter that the purchaser or attaching creditor may have had actual knowledge of the mort-

gage.   Unless the statute is complied with, the instrument is invalid, except as between the parties thereto.

Since, then, plaintiff's mortgage was void as to the attaching creditor for whom the sheriff held the property, it must be decided that this plaintiff had no standing in court; and the judgment, which was for the defendant, must be affirmed.   It is so ordered. All concur.