MARY M. BAGLEY, Administratrix, etc., Respondent, v. BONIFANT R. HARMON, Appellant.

Kansas City Court of Appeals, December 2, 1901.*

1. **Trial Practice: INSTRUCTIONS: ABSTRACT PROPOSITIONS.** Instructions containing mere abstract propositions of law are properly refused.

2. **Chattel Mortgages: UNRECORDED: PERMITTING SALES.** A chattel mortgage not recorded in the county where the mortgagor resides or which permits him to retain possession and sell in the usual course of business, etc., is void as to creditors and purchasers, but between the parties it is good.

3. ————: ————: GENERAL CREDITOR. It would seem, a general creditor may not question an unfiled mortgage until he has obtained some lien by process of law on the property, since the mortgagor's death gives no specific lien on his property in favor of a general creditor.

4. ————: ————: ADMINISTRATOR: SOLVENCY OF ESTATE. The estate of a decedent passes to his administrator as it is left,

*Received too late to be printed in chronological order.

and he has no authority to change the status of the property except to protect the rights of creditors against fraudulent liens where the estate is insolvent and the fact that such mortgage is void as to creditors does not make it void as to the administrator also.

5. **Sales: PURCHASE PRICE: IGNORING DEFENSE: EVIDENCE: INSTRUCTIONS.** An administratrix brought an action to recover the purchase price of certain goods. The purchaser answered he was to have the goods free of the lien of a certain chattel mortgage, and there was evidence tending to support the averment. *Held,* instructions ignoring such defense were bad, since the contract was not divisible, and, if the defense was true, plaintiff could only recover the purchase price less the amount of the mortgage.

Appeal from Harrison Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED AND REMANDED.

STATEMENT BY BROADDUS, J.

In July, 1900, S. H. Bagley bought a stock of goods consisting of harness, saddles, whips, laprobes, bridles, and other articles of like character, tools and machinery used in the manufacture of harness, and other property contained in a building in Gilman City, Harrison county, Missouri. He purchased said stock of goods, tools, machinery, etc., from the then owner, one Wm. Dorney, and executed a mortgage upon the same to secure said Dorney in the sum of $435.50, a part of the purchase money. Said mortgage was not recorded in Grundy county, the place of residence of said Bagley. It contained a provision to the effect that Bagley was to remain in possession of the mortgaged property. On the fifteenth of October, 1900, said Bagley died at his residence in Grundy county. On the twenty-second day of said month the plaintiff, the widow of the said deceased Bagley, was appointed and qualified as administratrix of her husband's estate. After causing said merchandise and personal property to be inventoried and appraised, as required by law, she pro-

cured an order of the probate court of Grundy county direct-
ing and empowering her to sell said property at private sale.

Some time in November, 1900, she made a sale of said
property to the defendant, Harmon, who took possession of the
same, he agreeing to pay $1,041.65 for said property and de-
positing that amount in the bank at Gilman.   The defendant
claims that it was a part of the contract between himself and
the administratrix that he was to have a clear title to said
property, or, in other words, the mortgage lien of Dorney
should be first satisfied before he paid the purchase money.
He claimed that before he would allow the administratrix to
withdraw the money on deposit from the bank the mortgage
of Dorney should be paid.   This the administratrix, on advice
of her lawyer, refused to do; and this suit is for the whole of
such purchase price.

There was evidence on the part of the defendant strongly
tending to show that the administratrix had agreed at the time
of the sale of the goods to the defendant, that defendant was
to get the property free from said lien, and that said mort-
gage of Dorney was to be paid out of the purchase price.
There is no dispute but what there was a sale at the price
mentioned.   The defendant alleges in his answer that he is
willing to pay the full price of said goods and personal prop-
erty upon the performance by the plaintiff of her said contract
to first pay off and discharge said mortgage of said Dorney.
Defendant further alleges that said Dorney has a suit of re-
plevin now pending in said Harrison Circuit Court against
him for said goods.

The cause was tried before the judge of the court without
the intervention of a jury and finding given for plaintiff for
the full purchase price of the property mentioned.

O. N. Gibson for appellant.

A chattel mortgage is constructively fraudulent and void
as to creditors and purchasers, if the mortgagor retains pos-

session and disposes of the mortgaged property for his own use; but such conveyance is nevertheless valid and enforcible as against the grantor, his administrator, executor, heirs and assigns. McLaughlin v. McLaughlin, 16 Mo. 242; Brown v. Finley, 18 Mo. 375; Criddle v. Criddle, 21 Mo. 522; George v. Williamson, 26 Mo. 190; Merry v. Fremon, 44 Mo. 518; Hall v. Callahan, 66 Mo. 316; Jackman v. Robinson, 64 Mo. 289; Zoll v. Soper, 75 Mo. 460; Roan v. Winn, 93 Mo. 503; Crook v. Tull, 111 Mo. 283; Rozelle v. Harmon, 29 Mo. App. 585; McFarland v. Creath, 35 Mo. App. 112; Lewis v. Life Ins. Co., 7 Mo. App. 112; Bump cn Fraud. Conv. (4 Ed.), sec. 433; Jones on Chat. Mortg. (4 Ed.), sec. 238; 14 Am. and Eng. Ency. Law (2 Ed.), 333. (2) Such a conveyance is also good against creditors at large of the grantor. Before the creditor can attack it, he must first acquire an interest in or lien upon the mortgaged property by judgment, execution, attachment, or the like, or he must first exhaust his legal remedies. Defendant's declaration of law No. 6 should have been given. Merry v. Fremon, 44 Mo. 518; Jackman v. Robinson, 64 Mo. 289; Roan v. Winn, 93 Mo. 511; Harris v. Harris, 25 Mo. App. 496; Drew v. Drum, 44 Mo. App. 25; Thompson & Co. v. Massey, 76 Mo. App. 197; Bump on Fraud. Conv. (4 Ed.), sec. 451. (3) An administrator of an insolvent estate does not represent the creditors in the sense or to the extent that he may impeach or avoid his intestate's chattel mortgage because constructively fraudulent as to them. Plaintiff's declarations No. 1, 2 and 4 should have been refused and defendant's declarations No. 3, 4, 7 and 11 should have been given. McLaughlin v. McLaughlin, 16 Mo. 242; Brown v. Finley, 18 Mo. 375; Criddle v. Criddle, 21 Mo. 522; George v. Williamson, 26 Mo. 190; Lewis v. Life Ins. Co., 7 Mo. App. 112; McFarland v. Creath, 35 Mo. App. 112; Jackman v. Robinson, 64 Mo. 289; Zoll v. Soper, 75 Mo. 460; Bump on Fraud. Conv. (4 Ed.), sec. 433, n. 3; 14 Am. and Eng. Ency. Law (2 Ed.), 333. (4)

An unrecorded mortgage of chattels of which the mortgagor retains possession, is binding upon the mortgagor, his administrator, executor, heirs and assigns.    Bennett v. Robinson, 19 Mo. 654; Johnson v. Jeffries, 30 Mo. 423; Crawford v. Harter, 22 Mo. App. 635; Bank v. Bell, 2 Mo. App. 102; Henrich v. Wood, 7 Mo. App. 236; Vette v. Leonori, 42 Mo. App. 217; Drew v. Drum, 44 Mo. App. 25; Mead v. Maberry, 62 Mo. App. 562.    (5)    The administratrix of an insolvent estate does not represent the creditors in the sense or to the extent that she will be permitted to avoid her intestate's chattel mortgage because not recorded until after his death.    Jones on Chat. Mortg. (4 Ed.), sec. 240; Henrich v. Wood, 7 Mo. App. 236; Drew v. Drum, 44 Mo. App. 25; Mayers v. Meyers (Ind.), 27 N. E. 740; Sumner v. McKee, 89 Ill. 127; Martin v. Ogden, 41 Ark. 186, and cases cited under point 7, supra.

*Hall & Hall* for respondent.

(1)    The chattel mortgage from S. H. Bagley to Wm. Dorney was not recorded in the county where the mortgagor resided, nor was the property delivered to and retained by the mortgagee, as required by law, and it was therefore void as to all persons, except the parties thereto, including creditors prior and subsequent, and purchasers, although they had notice.    R. S. 1899, sec. 3404; Bank v. Powers, 134 Mo. 432; Fahy v. Gordon, 133 Mo. 414; Collins v. Wilhoit, 108 Mo. 451, s. c. 35 Mo. App. 585; Rowlings v. Bean, 80 Mo. 614; Wilson v. Milligan, 75 Mo. 41; White v. Graves, 68 Mo. 223; Bevans v. Bolton, 31 Mo. 437; Bank v. Holman, 63 Mo. App. 492; Martin-Perrin Mer. Co. v. Perkins, 63 Mo. App. 310, and cases cited; Mead v. Maberry, 62 Mo. App. 557; Michigan Buggy Co. v. Woodson, 59 Mo. App. 550; State ex rel. v. Sitlington, 51 Mo. App. 252; Hughes v. Menefee, 29 Mo. App. 192.    (2)    The fact that the mort-

gagee permitted the mortgagor to retain possession of the mortgaged property and sell the same in the usual course of business and apply the proceeds to his own use, rendered the mortgage void as to creditors and purchasers.   R. S. 1899, sec. 3397; Bank v. Powers, 134 Mo. 432; Martin-Perrin Mer. Co. v. Perkins, 63 Mo. App. 310, and cases cited; Rubber Mfg. Co. v. Supply Co., 149 Mo. 538; Vermont Marble Co. v. Achuff, 83 Mo. App. 42; Bullene v. Barrett, 87 Mo. 185. (3)   The administratrix was and is a trustee for the benefit of the creditors.   She took possession of the property as such, had the same inventoried and appraised, and sold it to appellant, who still holds possession thereof.   The law makes it her duty to sue for and collect the purchase money and account to the creditors therefor, and a failure to do so would render her and her bondsmen liable.   R. S. 1899, sec. 92; Hughes v. Menefee, 29 Mo. App. 192; Kennerly v. Shepley, 15 Mo. 640; Riddle v. Norris, 46 Mo. App. 512; Kilbourne v. Fay, 29 Ohio St. 264; Pingrey's Law of Chattel Mortgages, secs. 345, 346, 347; Crosswell's Executors and Administrators, sec. 104, p. 234.   (4)   Where a conveyance of property is fraudulent or void as to creditors, and the property remains in the mortgagor's possession until his death, it is assets in the hands of his administrator.   Bethel v. Stanthope, Cro. Eliz. (Eng.) 810; Babcock v. Booth (2 Hill, 181), 38 Amer. Dec. 578; Kent v. Lyon (4 Florida, 474), 56 Amer. Dec. 404; Hunt v. Butterworth (21 Texas, 133), 73 Amer. Dec. 223; Kilbourne v. Fay (29 Ohio St. 264), 23 Amer. Rep. 741; Becker v. Anderson, 11 Neb. 493; 9 N. W. 640; Stewart v. Kearney (6 Watts 453), 31 Amer. Dec. 482; Buchler v. Gloniger, 2 Watts, 226; Hangen v. Hachemeister (114 N. Y. 566), 11 Amer. S. Rep. 671; Spooner's Admr. v. Hilbish's Exr. (92 Va. 333), 23 S. E. 751; Cooley v. Brown, 30 Iowa 470; Smith v. Pollard, 43 Ky. (4 B. Mon.) 66; McLean v. Weeks, 61 Me. 277; Martin v. Root, 17 Mass. 222; Holland v. Croft, 37 Mass. (20 Pick.) 321; Bennett v. Schuster, 24 Minn..

383; Andrus v. Doolittle, 11 Conn. 283; Martin v. Bolton, 75 Ind. 295; Wall v. Provident Inst., 88 Mass. (6 Allen) 320; Clark v. Clough, 65 N. H. 43; Dennison v. Ely, 1 Barb. 610; Welch v. Welch, 105 Mass. 229; McKnight v. Morgan, 2 Barb. 171; Morris v. Morris, 5 Mich. 171; Judson v. Connolly, 4 La. An. 169; McLane v. Johnson, 43 Vt. 48; Boslough v. Boslough, 68 Pa. St. 495. If the administrator neglects to recover property fraudulently transferred he is personally liable.   Douzey v. Smith, 4 Tex. 411; Lee v. Chase, 58 Me. 436; Cross v. Brown, 51 N. H. 488.   He is bound to include in his inventory property fraudulently transferred. Williams on Executors, 1679, note 10; Minor v. Mead, 3 Conn. 289; Anderson v. Packer, 7 Pick. 250; Booth v. Paterick, 8 Conn. 106. Bourne v. Stevenson, 58 Me. 504, on this point.   We call special attention to 2 Cobby on Chattel Mortgages (1 Ed.), sec. 998.   (5) The whole personal estate, both in law and equity, vests in the executor or administrator.   Boeger v. Langenberg, 42 Mo. App. 7; Becraft v. Lewis, 41 Mo. App. 546; State ex rel. v. Moore, 18 Mo. App. 406; Smith v. Denny, 37 Mo. 20; Hellmann v. Wellenkamp, 71 Mo. 407.

BROADDUS, J.—The appellant complains of the action of the court in giving and refusing instructions.   Defendant's instructions Nos. 3, 4, 6, 7, 9 and 11 were properly refused because they only contained abstract propositions of law.   The court gave instructions Nos. 1, 2, 3 and 4 for plaintiff.

Plaintiff's first instruction is to the effect that under the pleading and evidence the verdict and finding must be for the plaintiff for the full amount sued for.   The second instruction reads as follows:   "That under the law of this State the administratrix is the trustee of and representative of all the creditors, and as such it is her duty to defend against and resist any and all illegal claims against the estate of the deceased, and probate and preserve the estate of the deceased,

and protect and preserve the estate for the creditors, according
to law, under the orders of the probate court." The third
instruction reads: "The mortgage read in evidence, not hav-
ing been recorded in the county in which the deceased resided,
the same was and is void as to the creditors whose claims ac-
crued after the date of said mortgage." And the fourth in-
struction is: "If the court believes from the evidence that
S. H. Bagley, the mortgagor, remained in possession of the
mortgaged property, and continued to buy and sell and carry
on the business in the usual course, and applied the proceeds
to his own use, then said mortgage was and is void as to his
creditors, and the finding of the court must be for the plaintiff
for the amount of the purchase price of said property, with
interest thereon at the rate of six per cent per annum from
date of said sale." ·

Number 1 was a peremptory instruction to find for the
plaintiff and Nos. 2 and 3 and 4 were given, it is presumed,
for the purpose of indicating the theory upon which the find-
ing is founded. The defendant after the proper effort to have
the finding of the court set aside, brings the case here by ap-
peal.

The plaintiff tried her case upon the theory that the
mortgage mentioned was void as to creditors, and that it was
her duty to contest its validity in their behalf. It can not be
seriously denied that the failure to record the mortgage in the
county where the mortgagor resided rendered the same void as
to creditors (R. S. 1899, section 3404, and many decisions of
the Appellate and Supreme Courts of the State). And the
facts that the mortgagee permitted the mortgagor to retain
possession of the mortgaged property, to sell the same in the
usual course of business, and to apply the proceeds to his own
use, rendered the mortgage void as to creditors and purchasers.
R. S. 1899, sec. 3397; Barton v. Sitlington, 128 Mo. 164;
Rock Island Bank v. Powers, 134 Mo. 432; Mfg. Co. v. Sup-
ply Co., 149 Mo. 538. However, it is admitted by both par-

ties to this suit that as between the parties to the instrument, the mortgagor and mortgagee, it is good in law.

But the plaintiff claims that it is not good as against the administratrix because of the fact that the estate of the mortgagor is indebted, and that therefore the judgment of the circuit court was for the right party. The question of the solvency of the estate of deceased is not taken into consideration, but the proposition is broadly assumed that the administratrix represents the creditors, and where there are creditors the administrator of the deceased can impeach his acts on the ground of fraud. To support this theory we are cited to the case of Hughes v. Menefee, 29 Mo. App. 192. That case does not sustain respondent for the reason that the contract sought to be enforced was not only void in law as against creditors, but the estate of the deceased was insolvent and the creditors were in court by their lawyers asking that it be not enforced. The language of Judge ELLISON, who delivered the opinion of the court, in speaking of the case, was: "This is not a contest between the parties to the agreement, for while the administrators are the representatives of the deceased, they are also trustees for the creditors." In this, he spoke with reference to the facts of that particular case, wherein, further illustrating his position, he says: "If this judgment is sustained it is at the expense of the general creditors. If the estate was solvent and the rights of third parties did not intervene, a verbal agreement for a mortgage of personal property could be upheld." It seems rather to be the opinion of the court in that case, that notwithstanding the administrator is held to be a trustee for the creditors, a contract void as to creditors may be enforced against the administrator where the estate is solvent and the rights of third parties do not intervene.

In Jones on Chattel Mortgages, sections 239 and 240, the rulings of different courts are summarized thus: "An unfiled or unrecorded mortgage is valid against the executor or administrator of the mortgagor in the same way that it is valid

against the mortgagor himself.    But where the estate of the
deceased mortgagor is insolvent, it has been held in some cases
that his unfiled or unrecorded mortgage is void as against his
personal representative, into whose hands the possession of the
property passes directly from the deceased mortgagor."    The
author cites in support of that theory, Kilbourne v. Fay, 29
Ohio St. 264, in which two out of the five judges dissented.
In the same section (240) the author takes the contrary view,
viz.:  "Against this view it seems a sufficient answer that a
general creditor can not question the validity of an unfiled
mortgage until he has obtained a lien upon it by attachment or
execution—until he has seized the property by some process of
law, the unfiled mortgage upon it is equally valid against the
mortgagor's creditors as it is against the mortgagor himself.
The mortgagor's death gives no specific lien upon his property
in favor of a general creditor.    The property passes to the
personal representative as the mortgagor left it."

At most, under the authorities and sound reason, the es-
tate of the mortgagor upon his death passing to his administra-
tor as he left it, the administrator has no authority to change
the status of the property except under peculiar circumstances;
for instance, as we have seen, to protect the rights of creditors
as against fraudulent liens where the estate is insolvent.    In
this case, however, the court declared the law, in instructions
Nos. 1, 2, 3 and 4, given for respondent, to be that the mort-
gage in question being void as to creditors was void as to the
administratrix also.    This was error.    At most, it was only
void as to the administratrix in case the estate in her hands
was insufficient to pay debts.    This view of the case was en-
tirely eliminated from said instructions.

But the case must be reversed upon another ground.

It could make no difference in this suit whether the estate
of the decedent was solvent or insolvent, the plaintiff was not
entitled to recover the full purchase price if the contract in suit
was as stated by the defendant in his answer and supported by

the greater weight of evidence. The answer alleges the existence of the mortgage of Dorney as a lien on the goods, and that in his contract of purchase from the administratrix he was to take them free of said lien. The instructions and finding of the court wholly ignored that part of the contract and gave judgment for the entire purchase price of the goods. In other words, the court enforced that part of the contract that seems good and lawful, and treated as invalid that part deemed fraudulent as to creditors. If the administratrix is to have her contract enforced against defendant she must enforce it as an entirety. It is not a divisible contract. It is all bad or it is all good as against the parties to it. This is elementary law and needs no elaboration. If defendant's contention is true that he was to take the property free from the mortgage, then plaintiff was entitled to a judgment for the purchase price of the goods less the amount of the Dorney mortgage and interest.

Other questions raised in the briefs and arguments before this court, in view of the holding of this opinion, become immaterial and will not be noticed. Judgment reversed and cause remanded. All concur.