BANK OF MALDEN, Appellant, v. WAYNE HEAD-
ING COMPANY, a Corporation, et al., Respondents.

Springfield Court of Appeals, February 6, 1918.

1. CHATTEL MORTGAGES: Recording: Place of Recording. Under
Revised Statutes 1909, section 2861, providing that no mortgage
of personal property shall be valid against any person other than
the parties thereto, unless possession is delivered and retained,
or unless the mortgage be acknowledged or proved and recorded in
the county in which the mortgagor resides, chattel mortgages not
recorded in the county where the mortgagor resides are invalid
as against other creditors, though recorded in another county where
the mortgaged property is situated.

2. ——: ——: ——: "Residence of Corporation." Revised Stat-
utes 1909, section 3339, requires a corporation's articles of agree-
ment to state the name of the city or town and county in which
the corporation is to be located. Section 3340 requires such articles
to be recorded in the office of the recorder of deeds of the county
or city in which the corporation is to be located. Section 2975 re-
quires the certificate of incorporation issued by the Secretary of
State to be filed and recorded in the county in which the corpora-
tion is organized. Section 2861 requires chattel mortgages to be
recorded in the county in which the mortgagor resides. Held,
that within the meaning of this last section a corporation re-
sides in the county designated in its articles of incorporaton and
certificate of incorporation and in which it has an office at which
much of its business is transacted, though its manufacturing plant
and business office in connection therewith are across the line
in another county, and a chattel mortgage recorded in the county
in which the manufacturing plant is located is ineffective and
void as against an attaching creditor.

3. APPEAL AND ERROR: Abstracts: Abridging Evidence. Where the
evidence was comparatively short and the material part of it was
documentary, and, though the oral evidence might have been further
condensed by putting more of it in narrative form, it covered only
thirteen printed pages, there was a fair effort to comply with the
rules as to abstracts.

4. ——: Briefs: Numbering Points. Appellant's failure to number the
propositions of law stated in its brief under its points and author-
ities was not very material, where the court experienced no difficulty
in understanding the facts or the propositions of law relied on for
reversal.

Appeal from New Madrid County Circuit Court.—*Hon. Sterling H. McCarty*, Judge.

REVERSED.

*Casper M. Edwards* for appellant.

*Morrell De Reign* and *Albery De Reign* for respondents.

STURGIS, P. J.—This is an interplea engrafted on an attachment suit. The plaintiff sued on a note by attachment and caused certain personal property of the defendant corporation to be attached. The interpleaders claim this property or an interest in the same under a chattel mortgage executed in their favor by defendants. It is conceded that both parties are creditors of defendant. There was a close run for priority in time as the evidence shows that the attachment was levied and the property taken possession of by the officer at practicially the same time the chattel mortgage was being executed.

Conceding, however, that the chattel mortgage has priority, the plaintiff claims that such mortgage is void because not filed for record in the proper county. A decision of this question in plaintiff's favor leaves the interpleaders without any title or claim to the property as against the attaching creditor, plaintiff, and is necessarily decisive of the whole case.

The facts are that defendant is a Missouri corporation. Its articles of incorporating, as required by section 3339, Revised Statutes 1909, designate the name of the city and county in which the corporation is to be located, as Malden, Dunklin County, Missouri. The articles of agreement were recorded, as required by the next section, 3340, in Dunklin County as being the county in which the corporation was located. The certificate of incorporation issued by the Secretary of State likewise designated "its permanent place of location" to be Malden in Dunklin County, and this was likewise recorded in Dunklin County as being

the county of its organization. [Sec. 2975, R. S. 1909.] The city of Malden is located wholly in Dunklin County, but near the New Madrid County line, and defendant's manufacturing plant and business office in connection therewith are in New Madrid County. It is shown, however, that defendant kept an office in Malden, Dunklin County, where the business meetings of the stockholders and directors were held, where the seal and corporate records were kept and much if not most of its corporate business was transacted. Two writs of attachment were issued, one to each of the sheriffs of New Madrid and Dunklin Counties, and each were served on defendant, the one at its business office in New Madrid County, and the other at its office in Malden, Dunklin County.

The chattel mortgage in question was recorded only in New Madrid County and the question presented is whether such mortgage is void under section 2861, Revised Statutes 1909. That section provides: "No mortgage or deed of trust of personal property hereafter made shall be valid against any other person than, the parties hereto, unless possession of the mortgaged or trust property be delivered to and retained by the mortgagee or trustee or *cestui que trust*, or unless the mortgage or deed of trust be acknowledged or proved and recorded in the county in which the *mortgagor or grantor resides*, in such manner as conveyances of land are by law directed to be acknowledged or proved and recorded, or unless the mortgage or deed of trust, or a true copy thereof, shall be filed in the office of the recorder of deeds of the county where the mortgagor or grantor executing the same resides." There is no claim that the mortgagee took possession of the mortgaged (and attached) property and the validity of the mortgage depends on its proper recordation.

Our courts have frequently and uniformly held that chattel mortgages not recorded in the county where the mortgagor or grantor resides are void as against other creditors. A chattel mortgage not

so recorded is fraudulent and void as to creditors although recorded in another county where the mortgaged property is situated. [Rice, Stix & Co. v. Sally, 176 Mo. 107, 133, 75 S. W. 398; Fahy v. Gordon, 133 Mo. 414, 34 S. W. 881; Ray County Savings Bank v. Holman, 63 Mo. App. 492, 495; Martin-Perrin Mercantile Co. v. Perkins, 63 Mo. App. 310, 314; Bagley v. Harmon, 91 Mo. App. 22.] If, therefore, the residence of the defendant corporation was in Dunklin County, the recording of the mortgage in New Madrid County had no effect in making it valid.

What constitutes and determines the place of residence of a domestic corporation within the meaning of the chattel mortgage statutes as to recording seems not to have come before the courts of this State. Jones on Chattel Mortgages (5 Ed.), sec. 253, says: "The place of residence of a corporation for the purpose of recording a mortgage by it is the place where it keeps its principal office." The only case cited in support is Wright v. Bundy, 11 Ind. 398, an old case and one not very satisfactory on this point. 1 Clark and Marshall on Private Corporations says, section 122, that: "The general rule is that the residence or domicile of the corporation within the State is in that county, city or town, and that one only, in which it has its general or principal office and conducts its business." In Pelton v. Transportation Co., 37 Ohio St. 450, the court states the law thus: "In this State, where corporations are required to designate in their certificates of incorporation the place of the principal office, such office is the domicile or residence of the corporation. The principal office of a corporation, which constitutes its residence or domicile, is not to be determined by the amount of business transaction here or there, but by the place designated in the certificate." Almost this precise question came before the court in First National Bank v. Wilcox (Wash.), 130 Pac. 756, where the court held that under a statute similar to ours a chattel mortgage or conditional bill of sale of personal property, to be valid by reason of being recorded in the

county of the mortgagor's residence, must in case of a domestic corporation be recorded in the county specified in the articles of incorporation as the principal place of business and where it maintains its head office; and it is not sufficient to record it in another county where its manufacturing plant is located and where it mainly keeps and sells its manufactured products. In the course of the opinion the court said: "We are clear, therefore, that the place designated in the charter of local corporations as their principal office or place of business must be held to be the residence of such corporations." The proper place of recording a chattel mortgage came in controversy in In re Federal Contracting Co., 212 Fed. 688, and the court said, pp. 692-3: "The Supreme Court of the United States said, in Galveston, etc., Ry. Co. v. Gonzales, 151 U. S. 504, 14 Sup. Ct. 401, 38 Law Ed. 248, that the question of inhabitancy of a corporation must be determined, not by the residence of any particular officer, but by the location of the principal offices—where its books are kept and its corporate business is transacted, even though it may transact its most important business elsewhere, citing Conn., etc., R. R. Co. v. Cooper, supra. . . . A statement in a certificate of incorporation as to the location of the corporation's principal place of business is conclusive on the corporation. [People v. Barker, 5 App. Div. 227, 39 N. Y. Supp. 88.]" This case came to the Supreme Court of the United States under the title of Fairbanks Steam Shovel Co. v. Wills, 60 L. Ed. 841, where the court pointed out that the articles of incorporation as required by statute of Illinois fixed the chief or home office at Chicago; that the first meeting of the stockholders was held at Chicago and another one some two years later; that all other meetings of stockholders were held at Beardstown, Illinois, where the business office was located; that an office was nominally maintained at Chicago but no records or books were kept there nor business transacted there; that as to the practical conduct of the business and to all outward appearances the principal office was

at Beardstown. The chattel mortgage was recorded there instead of at Chicago and the trial court held same void as not being recorded in the county of the corporate residence. The court said: "This, in our opinion, was a correct disposition of the question. The statutes of Illinois recognize the propriety of a fixed location for the principal office of a corporation, requiring this to be specified in the certificate of organization and to be left unchanged except on formal action by two-thirds in interest of the stockholders. . . . We are. of opinion that a corporation organized under the laws of Illinois is to be deemed a resident of the State within the meaning of the chattel mortgage act, and that the county of its residence must be taken to be the county in which its principal office is located. So far as the decisions of the State courts throw light upon the question they bear out this view.

We hold therefore that the residence of the defendant corporation was in Dunklin County and that the failure to record the mortgage there made same void. The interpleader, therefore, cannot recover in this case. The court in the first instruction correctly declared the law to be "that a corporation is a legal entity and as such has capacity to sue and be sued and must have a habitat, that such legal habitat or domicile is fixed by its articles of incorporation or certificate of incorporation as recorded in the office of the Recorder of Deeds of the County in which it is organized." But in an instruction for interpleader the court said it was for the jury to say whether the defendant was a resident of Dunklin or New Madrid county. Under the facts here this was purely a question of law for the court and not one of fact for the jury.

We have not been unmindful of interpleader's motion and insistence that this appeal be dismissed for failure of plaintiff, appellant, to comply with our rules in preparing abstracts and briefs. The evidence in this case is comparatively short and the material part of it documentary. The oral evidence might have been further condensed by putting more of it in narrative

form. As it covers only thirteen printed pages, appellants, we think, have made a fair effort to comply with our rules as to abstracts. The brief under "Points and Authorities" states in concise paragraphs the propositions of law contended for with citations of authority under each. They are not numbered as is usual but that is not very material. We have experienced no difficulty in understanding the facts nor the propositions of law relied upon for reversal. The motion to dismiss is overruled and the judgment is reversed. *Farrington* and *Bradley, JJ.,* concur.