754

## EARHART v. VALERIUS.
### No. 2987.

District Court, W. D. Missouri, W. D.
Dec. 1, 1938.

K. Martin Kirschner, of Kansas City, Mo., for plaintiff.

Lathrop, Crane, Reynolds, Sawyer & Mersereau, of Kansas City, Mo., for defendant.

REEVES, District Judge.

Heretofore a motion to dismiss plaintiff's petition in the above cause was sustained. When that was done plaintiff asked leave to file an amended petition. This was informally granted. The defendant now moves to strike out the amended pleading on the grounds that the order dismissing the original petition is an adjudication in his favor.

Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides for amendments as follows: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

. The original petition was dismissed because an appended exhibit disproved an averment of the petition in the statement of plaintiff's cause of action. The plaintiff, in challenging the validity of a mortgage, said that it was not recorded as required by a statute in the State of Missouri (Mo.St.Ann. § 3097, p. 1919), in the county where the mortgagor resided. The attached exhibit showed that the mortgagor resided in the county where the mortgage was recorded.

The plaintiff has filed an amended petition by leave of court wherein it is averred that the recital in the mortgage as to the residence of the mortgagor was either fraudulently made or mistakenly made, and that in truth and in fact the mortgagor's residence was not in the county where the mortgage was recorded. It seems proper that plaintiff should be permitted thus to amend his petition.

The defendant urges an additional ground for striking the amended petition, which is to the effect that the trustee in this suit is taking advantage of a wrong

committed by the mortgagor whose estate is in bankruptcy.

The plaintiff presents an authority which appears to cover the identical point presented in this suit. In the case of Fairbanks Steam Shovel Co. v. Wills, 240 U.S. 642, 648, 36 S.Ct. 466, 60 L.Ed. 841, the court discussed the question of equities and said that such equities were limited to the parties, and that the trustee would not be estopped where, as in this case, the mortgage was not recorded in the place of the residence of the mortgagor. While it was under a statute of Illinois, such statute (Smith-Hurd Stats.Ill. c. 95, § 4), is identical with that of Missouri. Under the recordation law of Missouri a chattel mortgage is void unless recorded in the county where the mortgagor resides.

There is of course a difference between residence and mere domicil. The residence must be outstanding and well known. Failure to record the mortgage at the residence of the mortgagor is thus made to partake of the nature of fraud. Bank of Malden v. Wayne Heading Co., 198 Mo.App. 601, 200 S.W. 693.

A similar interpretation was made of a recordation law like that of the state of Missouri in Stewart v. Platt, 101 U.S. 731, loc. cit. 737, 25 L.Ed. 816, where the court said in reference to the rights of creditors: "Their rights depend not upon recitals or representations of the mortgagors as to their residence, but upon the fact of such residence. The actual residence controls the place of filing, otherwise the object of the statute would be frustrated by the mere act of the parties to the injury of those whose rights were intended to be protected. The recital of the residence in the mortgage 'seems to be of no importance, and might for the matter of security be omitted altogether.'"

Another point is made to the effect that the mortgage was given as a part of the purchase price of the chattels involved. Section 1171, R.S.Mo.1929, Mo.St.Ann. § 1171, p. 1430, is cited as affording an advantage to the defendant. A vendor has no lien on an article sold by him as against innocent third parties. Said Section 1171 is designed to take away the exemption rights of the purchaser in favor of the vendor and has no effect here.

In view of the above, the motion to strike should be overruled. It is so ordered.