4

In the Matter of Kenneth Woodrow
McKINLEY, Bankrupt.
No. 21185.

United States District Court
W. D. Missouri, W. D.
Feb. 17, 1956.

David W. Barry, Meyer, Smith, Wetzel & Barry, Kansas City, Mo., for creditor.

Charles B. Blackmar, Blackmar, Swanson, Midgely, Jones & Eager, Kansas City, Mo., for trustee.

WHITTAKER, District Judge.

This matter is now before me upon a petition to review an order of the Referee in Bankruptcy, holding a chattel mortgage, made in Springfield, Missouri, by a resident of Kansas City, Jackson County, Missouri, upon a motor truck, to be void, as against the mortgagor's trustee in bankruptcy, because "filed" in the office of the recorder of deeds of Jackson County, Missouri, at Independence, rather than in that official's branch office in Kansas City.

By an act of the Missouri Legislature of December 15, 1826, Laws of Missouri, 1826, p. 30, Jackson County, Missouri was "declared to be created into a separate and distinct county", and commissioners were therein appointed "for the purpose of selecting the seat of justice for said county" in accordance with the act of the Missouri Legislature of January 14, 1825. Pursuant to that authority those commissioners selected "The city of Independence" as the seat of Justice of Jackson County, Missouri, and said city ever since has been, and still is, the county seat of Jackson County, Missouri.

Since October 1, 1804, 1 Terr.Laws, Mo. p. 46, § 1, Missouri has had a statute, in substance the same as Section 59.120 RSMo 1949, V.A.M.S., saying: "The recorder shall keep his office at the seat of justice * * *."

In 1845 the Missouri Legislature passed a general, statewide, recording statute which is now known as Section 443.460 RSMo 1949, V.A.M.S. So far as here pertinent, it provides:

> "No mortgage or deed of trust of personal property hereafter made shall be valid against any other person than the parties thereto * * * unless the mortgage or deed of trust, or a true copy thereof, shall be filed in the office of the recorder of deeds of the county where the mortgagor or grantor executing the same resides, * * * and such mortgage or deed of trust, or copy thereof, may be so filed, although not acknowledged, and shall be as valid as though the instrument were fully spread upon the records of the county, * * * in the office of the recorder of deeds; and * * * when the same, or a copy thereof, shall have been filed, as above provided, shall thenceforth be notice of the contents thereof to all the world."

No doubt because the city of Kansas City, also in Jackson County, grew to be the metropolis of this area, and for the convenience of the residents of the city of Kansas City, the Missouri Legislature passed in 1873, Laws of Missouri, 1873, p. 135, § 1, a statute now known

as Section 59.170 RSMo 1949, V.A.M.S., which reads as follows:

"Branch office, Jackson county. The recorder of deeds for Jackson county, Missouri, shall open an office at Kansas City, in which shall be recorded all deeds of trust, mortgages and other instruments affecting real *and personal* property *situated* in range thirty-three in said county, *as well as all personal property*." (Emphasis supplied.)

And, at the same time, the Missouri Legislature passed another statute, Laws of Missouri, 1873, p. 135, § 2, now known as Section 59.180 RSMo 1949, V.A.M.S., reading as follows:

"It shall be the duty of the county court to furnish a suitable room in which said office [the Kansas City branch office of the recorder] shall be kept, and to furnish all fuel, books, stationery, etc., used in and about said office, and all deeds or *instruments affecting* real and *personal property* in said range thirty-three shall be recorded in a well-bound book, to be kept at said office in Kansas City; and it shall be the duty of the recorder without fee or reward, to make out, at least once in each week, an abstract of deeds and other instruments *so recorded* and file the same *in the office at Independence* which shall be open to the inspection of all persons and shall make out a like abstract of all instruments *affecting real estate* recorded *at Independence,* and file the same in the office at Kansas City." (Emphasis supplied.)

The eastern boundary of Range thirty-three was for many years generally considered to be the approximate eastern boundary of the city of Kansas City —which is no longer true, as the city has now spread east of that line and into three counties in Missouri (Jackson, Clay and Platte).

■ Though it was stipulated by counsel for the Mortgagee and the Trustee that at the time of the filing of the chattel mortgage in the office of the Recorder of deeds of Jackson County, Missouri, at Independence, the mortgagor (now the bankrupt) "resided at 1607 Poplar in Kansas City, Missouri, which address is situated wholly within Range 33 of Jackson County, Missouri", and that the "bankrupt had possession of the property described in said mortgage at the time of the filing of the petition herein", there is no stipulation or showing, aside from a recital in the mortgage, where the mortgaged truck actually was located at the time of the making of the mortgage (but it inferentially appears that it was then located in Springfield, Missouri, for this was a purchase money mortgage, and the truck was purchased there); yet the referee held the mortgage was invalid, as against the trustee, because it was filed in the office of the Recorder in Independence (the county seat of the county in which the mortgagor resided), rather than in the Recorder's branch office in Kansas City, when the property is not even shown to have actually been located, at that time, in Kansas City, in Range Thirty-Three, in Jackson County. That conclusion is opposed to any possible construction of either Section 443.-460 or 59.170, and cannot stand.

■ Counsel for the trustee now recognizes this hiatus and seeks to overcome it by reference to the rule that the situs of personal property is deemed to be at the domicile of its owner. While this fiction may be validly indulged for certain purposes (probably including the purpose of a "filing" or "notice" statute requiring the filing to be in the county of the mortgagor's residence), it cannot apply to a filing statute which requires— as a requisite of constructive public notice—the filing to be in a public office in the political subdivision wherein the chattel affected is *located,* as such a statute must deal with realities.

Section 443.460 is about as plain and clear as words could make it. It says that a chattel mortgage "filed in the office of the recorder of deeds of the county where the mortgagor * * *

resides" is validly filed and gives constructive notice "to all the world." The Jackson County Recorder's office is, as shown, required to be in the county seat. Independence is the county seat of Jackson County. What basis is there then for saying that a chattel mortgage made by a resident of Jackson County and filed in the office of the Recorder at Independence, as this general statute requires, is not filed at the proper place, regardless of where the mortgaged chattel may be "situated"? Certainly any basis for so saying would have to be clear and explicit.

▪ The only basis suggested by the Trustee is the language in Section 59.-170, saying that the Recorder shall open a branch office in Kansas City "in which shall be recorded all * * * instruments affecting real and personal property situated in range thirty-three in said county, as well as all personal property." What does this ambiguous and duplicitous language mean? Does it clearly and explicitly negate anything said in Section 443.460? Was the duplicative use of the phrase "personal property" in error, or was the last use of the phrase in the clause reading: "as well as all personal property", intended to mean that a chattel mortgage, made by a resident of Jackson County, might be filed in the branch office of the Recorder at Kansas City regardless of where, in the county, the mortgaged property is "situated"? I believe that this is what it means, and must be construed to mean. Such construction renders that statute consistent with its purpose of establishing a Recorder's branch office in Kansas City for the filing or recording convenience of the residents of Kansas City, and also consistent with the general statute known as Section 443.460.

▪ The conclusion and result is that a chattel mortgage, made by a resident of Jackson County, may be filed at either the main office of the Recorder in Independence or at his branch office in Kansas City, regardless of whether the mortgaged chattel be "situated" in

Range Thirty-Three or in Range Thirty-Two in Jackson County.

This conclusion is fortified by, and was the obvious purpose of, the language in Section 59.180 making it "the duty of the recorder without fee or reward, to make out, at least once in each week, an abstract of deeds and other instruments so recorded [in the Kansas City Office] and file the same in the office at Independence * * *." This required procedure results in disclosure, and constructive public notice, by the records in the Recorder's Independence office, of all chattel mortgages filed in Jackson County, whether originally filed in the Independence office or the Kansas City branch office, except for those filed in the Kansas City branch office within the preceding week. And all anyone, interested in determining the existence of chattel mortgages, would have to do would be to run the records in the office at Independence, plus the records in the office at Kansas City for the preceding week.

▪ This was the obvious plan and purpose of the lawmakers, and it will be clear that no other construction is possible when it is realized (1) that Section 443.460 and Section 59.170 are not mutually exclusive (for the first makes validity of filing to depend upon *residence* of the mortgagor, and the second, in the view of the trustee, makes validity of filing to depend upon where the property is "situated", which is opposed to the Missouri scheme of giving constructive public notice and is unworkable because of the mobility of chattels), and (2) that said statutes were intended to be, and must be, read together as one integrated scheme or plan of filing chattel mortgages in Jackson County, and (3) that no other result would give any effect or purpose to the language of Section 59.180.

A simple illustration may help to clarify, and to point up the error in the trustee's position—that, despite the general statute, Section 443.460, a chattel mortgage covering a chattel "situated in range thirty-three" must, under Section

**8**

59.170, be filed in the Recorder's branch office in Kansas City. Suppose a resident of Clay County (much of which is now within Kansas City) owned chattels—store fixtures for example, to get a chattel more or less fixed in location—"situated in range thirty-three" in Jackson County (in the heart of Kansas City), and gave a chattel mortgage thereon to a Kansas City bank. Where would the bank be required to file its mortgage to give constructive notice of its existence? The Trustee's position, under Section 59.170, would require that the mortgage be filed in the Recorder's Kansas City branch office, because the chattels are "situated" in Range 33 in Jackson County. Would not that filing directly conflict with the terms of the general statute, saying that the chattel mortgage must be filed in the office of the recorder of the county wherein the mortgagor resides? Certainly the filing of that mortgage in the Jackson County Recorder's Kansas City office would not be effective, though the property be "situated" in Range 33 in Jackson County, for the Kansas City office is just a branch office of the Jackson County Recorder. To be effective the mortgage would have to be filed in the office of the Recorder of Clay County (at Liberty) in which the mortgagor "resides", under the clear command of Section 443.460.

Yet, there is no difference in principle between the hypothesized case and this one. There is no more reason for saying that the filing of this chattel mortgage in the office of the Recorder at Independence was ineffective, than there is for saying that the filing of the hypothesized one in the office of the Recorder of Clay County, at Liberty, would be ineffective. Both would be properly filed and fully effective.

Much confusion—aggravated by the growth and spread of the city of Kansas City—has been caused by the uncertainty of what is required under these statutes, and I am surprised to find no decision upon the point, save an unreported one by a former judge of this court (rendered June 12, 1931 in bankruptcy cause No. 9207), which assumed, rather than decided, that a chattel mortgage made by a resident of Range Thirty-Two (then east of the east limits of Kansas City) was required to be filed in the Recorder's office in Independence, and having been filed, instead, in his branch office at Kansas City, was improperly filed and did not give constructive notice. I disagree with that conclusion.

The conclusion is that a chattel mortgage, made by a resident of Jackson County, may be filed in either the main office of the Recorder in Independence or at his branch office in Kansas City, regardless of where—in Jackson County, or beyond it—the mortgaged chattel may be "situated", and that any chattel mortgage, made by such a resident of Jackson County, may be validly filed at either of those places, and is just as valid when filed in one as in the other.

This holding requires anyone interested in determining the existence of chattel mortgages in Jackson County to run the chattel mortgage records in the Recorder's office in Independence, and also the records in his Kansas City branch office for the preceding week. I regret that I cannot say—in the interest of convenience of Kansas City residents desiring to check the records for the existence of chattel mortgages in Jackson County—that a search of the chattel mortgage records in the Recorder's Kansas City branch office (plus a search of the records in his Independence office for the preceding week) would likewise disclose all chattel mortgages filed in Jackson County, but this cannot be said for the reason that Section 59.180 does not require the Recorder to file in his Kansas City branch office an abstract of instruments filed in Independence affecting personal property or chattels, but only "of all instruments affecting real estate". That is a matter for the Legislature, not the courts.

I desire to say and to make most explicit that I have here dealt only with

chattel mortgages and have not considered or in any way dealt with the recording of instruments affecting real estate.

It follows from the foregoing that the action of the Referee in holding the chattel mortgage here involved to have been improperly filed, and, therefore, to be invalid against the Trustee, was wrong, and that ruling must be, and it is hereby, reversed, with directions to pay over the proceeds of the sale of the mortgaged truck to the mortgagee, Universal C. I. T. Credit Corporation.