238 F.2d 809
 William B. BOSTIAN, Trustee in the Matter of Kenneth Woodrow
McKinley, Bankrupt, and Nathan Scarritt, Ray G.
Cowan, Hunter Phillips and William J.
Randall, Appellants,
v.
UNIVERSAL C.I.T. CREDIT CORPORATION, Appellee.
 No. 15606.
 United States Court of Appeals Eighth Circuit.
 Dec. 13, 1956.
Rehearing Denied Jan. 9, 1957.
 
 Charles B. Blackmar, Kansas City, Mo. (J. Marcus Kirtley, Independence, Mo., and Charles A. Darby, Kansas City, Mo., were with him on the brief), for appellants.
 David W. Barry, Kansas City., Mo., for appellee.
 Before GARDNER, Chief Judge, and WOODROUGH and VOGEL, Circuit Judges.
 VOGEL, Circuit Judge.
 
 
 1
 This is an appeal from an order of the District Court overruling and reversing an order of the Referee in Bankruptcy. The Referee in Bankruptcy held that a chattel mortgage on a 1955 Ford cab and chassis made in Springfield, Missouri, by a resident of Kansas City, Jackson County, Missouri, was void as against the mortgagor's trustee in bankruptcy because it was 'filed' in the office of the recorder of deeds of Jackson County, Missouri, at Independence, (the county seat of Jackson County) rather than in that official's branch office in Kansas City. The dispute originally was between Bostian as trustee of Kenneth Woodrow McKinley, Bankrupt, and the Universal C.I.T. Credit Corporation. By leave of the District Court, Nathan Scarritt, recorder of deeds of Jackson County, Missouri, Ray G. Cowan, Hunter Phillips and William J. Randall, judges of the County Court of Jackson County, Missouri, intervened and together with Bostian are appellants herein.
 
 
 2
 The case involves interpretation of the meaning and effect of certain statutes of the State of Missouri. In 1845 Missouri passed a recording statute which is now known as Section 443.460 RSMo 1949, V.A.M.S. Insofar as it may be pertinent herein, such statute provides:
 
 
 3
 'No mortgage or deed of trust of personal property hereafter made shall be valid against any other person than the parties thereto * * * unless the mortgage or deed of trust, or a true copy thereof, shall be filed in the office of the recorder of deeds of the county where the mortgagor or grantor executing the same, resides, * * * and such mortgage or deed of trust, or copy thereof, may be so filed, although not acknowledged, and shall be as valid as though the instrument were fully spread upon the records of the county, * * * in the office of the recorder of deeds; and * * * when the same, or a copy thereof, shall have been filed, as above provided, shall thenceforth be notice of the contents thereof to all the world.' (Emphasis supplied.)
 
 
 4
 In 1873 the Missouri Legislature provided for a recorder of deeds branch office in Kansas City. Such statute, now known as Section 59.170 RSMo 1949, V.A.M.S., is as follows:
 
 
 5
 'Branch office, Jackson county. The recorder of deeds for Jackson county, Missouri, shall open an office at Kansas City, in which shall be recorded all deeds of trust, mortgages and other instruments affecting real and personal property situated in range thirty-three in said county, as well as all personal property.'
 
 
 6
 At the same time, the Missouri Legislature also passed another statute now known as Section 59.180 RSMo 1949, V.A.M.S., as follows:
 
 
 7
 'It shall be the duty of the county court to furnish a suitable room in which said office (the Kansas City branch office of the recorder) shall be kept, and to furnish all fuel, books, stationery, etc., used in and about said office, and all deeds or instruments affecting real and personal property in said range thirty-three shall be recorded in a well-bound book, to be kept in said office in Kansas City; and it shall be the duty of the recorder without fee or reward, to make out, at least once in each week, an abstract of deeds and other instruments so recorded and file the same in the office at Independence which shall be open to the inspection of all persons and shall make out a like abstract of all instruments affecting real estate recorded at Independence, and file the same in the office at Kansas City.'
 
 
 8
 The facts herein were not in dispute and were stipulated by the parties. On March 19, 1955, McKinley, the bankrupt, executed a chattel mortgage which was duly assigned to the appellee herein and which covered a 1955 Ford cab and chassis. Approximately twelve days after its execution, the chattel mortgage was filed in the office of the recorder of deeds of Jackson County, Missouri, at Independence. It was never recorded in the 'branch office' of the recorder of deeds of Jackson County at Kansas City, although at the time of the execution of the mortgage and at the time of the filing thereof the bankrupt resided at 1607 Poplar in Kansas City, Missouri, which address is situated wholly within Range Thirty-three of Jackson County, Missouri. The bankrupt had possession of the property described in the mortgage at the time of the filing of the petition, herein. Under this set of facts, the Referee in Bankruptcy held the chattel mortgage to be void as against the mortgagor's trustee in bankruptcy because it was filed in the recorder's office at Independence rather than in that official's branch office in Kansas City. The District Court reversed the Referee, concluding (138 F.Supp. 8):
 
 
 9
 '* * * that a chattel mortgage, made by a resident of Jackson County, may be filed in either the main office of the Recorder in Independence or at his branch office in Kansas City, regardless of where-- in Jackson County, or beyond it-- the mortgaged chattel may be 'situated', and that any chattel mortgage, made by such a resident of Jackson County, may be validly filed at either of those places, and is just as valid when filed in one as in the other.'
 
 
 10
 The District Court had no decisions from any court of record of the State of Missouri to guide it in its interpretation of the Missouri law. It would appear that for a matter of more than eighty years no conflict has arisen in the courts of Missouri requiring a construction of the statutes now in question.[1]
 
 
 11
 The appellants herein ask this court to reverse on the ground that (1) under the law of Missouri one relying on a chattel mortgage against the Trustee in Bankruptcy must show strict compliance with the statutory requirements of filing and recording and that (2) the proper construction of the Missouri statutes is that when a mortgagor resides in Range 33 in Jackson County his mortgage must be recorded at Kansas City.
 
 
 12
 Appellants first argue that statutory requirements are mandatory and must be complied with or the mortgagee is to be denied any priority. They cite United States Hoffman Machinery Co. v. Lauchli, 8 Cir., 1945, 150 F.2d 301, and In re Coombs, D.C.W.D.Mo., 1940, 37 F.Supp. 495, both of which have to do with the consequences of failing to file promptly. As appellants correctly point out, however, the instant case is not one of delay but rather one involving the question of what is the proper place for recording. Their position is that the District Court's decision would require those interested to look in two places for the filing of chattel mortgages, one the recorder's main office in Independence, the county seat of Jackson County, and the other the recorder's branch office in Kansas City, and they argue that such result is contrary to the policy of the Missouri statutes and contrary to legislative intent. They say that a reasonable construction of the language is that if an instrument affects personal property, it must be recorded at Kansas City and not at Independence.
 
 
 13
 Appellee argues that Section 443.460, supra, requires no interpretation or clarification. It states that no chattel mortgage '* * * shall be valid * * * unless * * * filed in the office of the recorder of deeds of the county where the mortgagor or grantor executing the same resides * * *'. Appellee claims that it has always been the law of Missouri under § 443.460, supra, and the cases construing it that where the mortgagor is a resident of the state the validity of filing depends upon his residence and not upon where the property is situated, citing Rice, Stix & Co. v. Sally, 1903, 176 Mo. 107, 75 S.W. 398; Bank of Malden v. Wayne Heading Co., 1918, 198 Mo.App. 601, 200 S.W. 693. (These cases pre-date 443.460 but are nevertheless construing the general recording statutes of Missouri then in effect.)
 
 
 14
 We heartily agree with the District Court's statement that:
 
 
 15
 'Much confusion-- aggravated by the growth and spread of the city of Kansas City-- has been caused by the uncertainty of what is required under these statutes * * *.'
 
 
 16
 The District Court found the language of § 59.170 'ambiguous and duplicitous'. It gave no credence to the suggestion that in the Revised Statutes of 1949 the word 'estates' following 'real and personal property' had been changed to 'property' and that such change had not been authorized. We also fail to find force in appellants' argument thereon. With reference to the language of § 59.170, the District Court stated:
 
 
 17
 'What does this ambiguous and duplicitous language mean? Does it clearly and explicitly negate anything said in Section 443.460? Was the duplicative use of the phrase 'personal property' in error, or was the last use of the phrase in the clause reading: 'as well as all personal property', intended to mean that a chattel mortgage, made by a resident of Jackson County, might be filed in the branch office of the Recorder at Kansas City regardless of where, in the county, the mortgaged property is 'situated'? I believe that this is what it means, and must be construed to mean. Such construction renders that statute consistent with its purpose of establishing a Recorder's branch office in Kansas City for the filing or recording convenience of the residents of Kansas City, and also consistent with the general statute known as Section 443.460.'
 
 
 18
 The District Court's opinion, which is reported in 138 F.Supp. 4, is a careful and comprehensive study of the statutes concerned. We have considered appellants' briefs and arguments in the light of that opinion and must conclude that the District Court's construction of the statutes in question is both reasonable and permissive. Such construction gives meaning to, and is consistent with, the provisions of Section 59.170 and Section 443.460, supra. The most the appellants can claim on this appeal is that it involves a question of Missouri law which is not free from doubt. This court has repeatedly said that with respect to such questions it will accept the considered views of the trial judge unless convinced of error, and if he has reached a permissible conclusion as to a question of local law, there will be no reversal. See American Nat. Bank of St. Paul v. National Ind. Co., 8 Cir., 1955, 222 F.2d 513, 519; Buder v. Becker, 8 Cir., 1950, 185 F.2d 311, 315; National Bellas Hess, Inc., v. Kalis, 8 Cir., 1951, 191 F.2d 739, 741, certiorari denied 342 U.S. 933, 72 S.Ct. 377, 96 L.Ed. 695; Kimble v. Willey, 8 Cir., 1953, 204 F.2d 238, 243, 38 A.L.R.2d 814; Guyer v. Elger, 8 Cir., 1954, 216 F.2d 537, certiorari denied 348 U.S. 929, 75 S.Ct. 342, 99 L.Ed. 728.
 
 
 19
 This case is accordingly affirmed.
 
 
 
 [1]
 On June 12, 1931, the United States District Court for the Western District of Missouri, in the Matter of Robert F. Long, Bankrupt, held that a chattel mortgage filed in Kansas City, which had been executed by a resident of Jackson County living in Range 32 of said county, was invalid against the Trustee in Bankruptcy. That conclusion was disagreed with by the District Judge in this case on the ground that it '* * * assumed, rather than decided, * * *' that the mortgage had been improperly filed