William P. GROSS, d/b/a Gross Auction Company, Respondent,

v.

MERCHANTS–PRODUCE BANK, a corporation, Appellant,

Metal Goods Corporation, a corporation, Joseph T. Ryerson & Sons, Inc., a corporation, W. W. Grainger, Inc., a corporation, A. M. Castle & Co., a corporation, Frank A. Seested and Alice L. Seested, Josephine L. Dwyer, Respondents.

No. 24184.

Kansas City Court of Appeals.

Missouri.

April 5, 1965.

Motion for Rehearing and for Transfer to Supreme Court Denied June 7, 1965.

Application for Transfer Denied July 12, 1965.

251 S.W. 462; Schumacher v. Schumacher, Mo.App., 223 S.W.2d 841; Heil v. Rogers, Mo.App., 329 S.W.2d 388, 329 S.W.2d 960.

Achtenberg, Sandler & Balkin, (Bernard L. Balkin) Kansas City, for appellant.

Casemore, Berman & DeLeve, Kansas City, amicus curiae.

Morrison, Hecker, Cozad & Morrison, Kansas City, amici curiae.

Downey, Sullivan & McCormick, Kansas City, for respondent.

HUNTER, Judge.

This appeal presents an apparently simple question requiring a difficult but long needed answer. The question is where is the proper place for the filing or recording of chattel mortgages on chattels located in this state and owned by a resident of Jackson County who lives outside of Range 33 in Jackson County. The answer requires a construction of our relevant recording statutes governing the place of filing of chattel mortgages in Jackson County, Missouri.

The facts are stipulated. William L. and Margaret A. Hale, husband and wife doing business as Special Equipment Manufacturing Company, defendants, executed a chattel mortgage, dated December 5, 1961, to secure payment of a promissory note for $11,474.00. Merchants-Produce Bank, appellant, was the payee and mortgagee. The chattel mortgage was filed of record in the Recorder's Office in the Jackson County Court House at Kansas City on December 6, 1961.

The Hales were residents of Jackson County, Missouri, residing in Range 32. The subject property (equipment) presumably was located in Range 33 in Kansas City, Jackson County.

On March 13, 1963, the note was in default and demand had been made by Merchants-Produce Bank on the Hales for payment of the $2,607.25 unpaid balance. The bank and the Hales consented in writing to a contract by the Hales with Gross Auction Company for the sale of equipment covered by the chattel mortgage, providing that Merchants-Produce Bank would be given a sufficient amount of money from the proceeds to liquidate the unpaid balance, ahead of any and all other liens.

On March 21, 1963, William P. Gross, plaintiff, conducted an auction sale of the property described in the chattel mortgage and the proceeds of the sale, after the deduction of 15% commission, amounted to $2,926.50. While this amount was in the hands of plaintiff, certain garnishments in aid of judgments against Hale d/b/a Special Equipment Manufacturing Company were issued and served on him by defendants W. W. Grainger, Inc., for $173.84 plus costs; by Joseph T. Ryerson & Sons, Inc., for $1,503.76 plus costs; by Frank A. Seested and Alice L. Seested and Josephine L. Dwyer for $1,311.50 and costs; by Metal Goods Corporation for $471.61 and costs; and by A. M. Castle & Co. for $1,472.10 and costs. Plaintiff interpleaded these defendants, all of whom asserted claims as mentioned.

The trial court ruled that the chattel mortgage of Merchants-Produce Bank was not properly filed, finding in essence that Section 59.163 of the recording statutes requires the filing in Range 32, the residence of the Hales.[1] Judgment was accordingly rendered that the funds plaintiff had deposited with the circuit clerk be paid over to defendants in named amounts, after payment of court costs and a $450.00 attorney's fee. This appeal followed.

■ Respondents present several contentions apart from the merits of this suit.[2] Noting that the judgment in the trial court was entered July 23, 1964, and that appellant filed its notice of appeal on August 27, 1964, respondents state Civil Rules 82.04 and 82.05, V.A.M.R. require where there is no motion for new trial that notice of appeal be filed not later than 10 days after entry of judgment or with leave of court within 30 days after entry of judgment. We find no merit in this contention. Civil Rule 82.04 provides. " * * * [n]o such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from be-

---

1. All Civil Rules and statutory citations are to V.A.M.S. unless otherwise designated.

2. Only respondents Frank A. Seested, Alice L. Seested and Josephine L. Dwyer filed a brief and all references to respondents' contentions are limited to them.

comes final. * * *" Civil Rule 82.05(a) provides, "For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed. * * *" The instant judgment entered on July 23, 1964, became final 30 days thereafter, on August 22, 1964. The notice of appeal filed on August 27, 1964, was filed within 10 days after the judgment became final.

Respondents further contend appellant has not preserved its allegations of error for appellate review because it failed to present to the trial court any error in a motion for new trial, citing Civil Rule 79.03 and Arnold v. Fisher, Mo.App., 359 S.W.2d 602. We find no merit in this contention. The case was tried to the circuit judge without a jury. The only evidence was a written stipulation of facts, including a number of documents. Civil Rule 73.01(d) concerning cases tried upon the facts without a jury provides that on review on appeal, "The question of the sufficiency of the evidence to support the judgment may be raised whether or not the question was raised in the trial court. The appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature." And Civil Rule 79.03 concerning allegations of error that must be presented to the trial court in a motion for new trial specifically excepts from such requirement, "* * * questions of the sufficiency of the evidence to support the judgment in cases tried as provided by Rule 73.01 * * *." The sole question of law presented to the trial court; namely, was the chattel mortgage in question filed at the proper place as provided by statute, and the trial court's judgment that it was not properly filed, is before us on appeal for our determination as to whether the evidence supports the judgment. If the evidence does not support the judgment it is our duty to enter the proper judgment or cause it to be entered. See Montgomery v. Montgomery, Mo.App., 257 S.W.2d 189(1); Gower v. Lamb, Mo.App., 282 S.W.2d 867.

Respondents' third contention is that appellant in authorizing William Hale to contract for the sale of items covered by the chattel mortgage permitted Hale to dispose of items covered by the chattel mortgage and retain the benefits, thereby *waived* its lien rights. However, the transcript clearly discloses the note was in default and that the consent to the sale of the property was subject to an accounting of the proceeds and to the application of the proceeds to the mortgage debt. See, Hart v. Farmers' Bank of Bates County, Mo.App., 28 S.W.2d 121; State ex rel. Cantley v. Akin, 224 Mo.App. 114, 22 S.W.2d 836; Bruce v. Kays, 222 Mo. App. 77, 1 S.W.2d 214; Forgan v. Bridges, 222 Mo.App. 84, 281 S.W. 134, 14 C.J.S. Chattel Mortgages § 262, page 874. Waiver is an affirmative defense. Civil Rule 55.10. Respondents neither pleaded waiver nor asserted it in the trial court. A new issue, an affirmative defense, not pleaded, presented, or passed on in the trial court, cannot be presented for the first time on appeal. Cleary v. Cleary, Mo.Sup., 273 S.W.2d 340.

We pass to a consideration of the merits of the question that was presented. Our function is to ascertain the legislative intent as expressed in the relevant statutes. We are aided by certain well established rules. One is that the statutes may be considered historically for whatever light may thereby be shed on the purpose and intent of the legislature in enacting the statutes. Accordingly, we review the history of the statutes concerning the recording of chattel mortgages in Jackson County.

By an act of the Missouri legislature of December 15, 1826, Jackson County, Missouri was declared to be created into a separate and distinct county and commissions were appointed to select "the seat of justice" for the county. Laws of Missouri, 1826, page 30. Accordingly, the City of Independence was selected as the "Seat of Justice" of Jackson County, and ever since has remained the county seat of Jackson County.

Since October 1, 1804, Missouri has had a statute, in substance the same as Section

59.120, RSMo 1959, V.A.M.S. stating "The recorder shall keep his office at the seat of justice * * *." 1 Terr.Laws Mo., p. 46, section 1.

In 1845 our legislature passed a general statewide recording statute, now Section 443.460. It provides, " * * * No mortgage or deed of trust of personal property hereafter made shall be valid against any other person than the parties thereto * * unless the mortgage or deed of trust, or a true copy thereof, shall be filed in the office of the recorder of deeds of the county where the mortgagor or grantor executing the same resides, * * * and such mortgage or deed of trust, or copy thereof, may be so filed, although not acknowledged, and shall be as valid as though the instrument were fully spread upon the records of the county, * * * in the office of the recorder of deeds; and * * * when the same, or a copy thereof, shall have been filed, as above provided, shall thenceforth be notice of the contents thereof to all the world."

■ It is well known, and we take judicial notice that thereafter the City of Kansas City grew to be the metropolis of Jackson County. With knowledge of this, and presumably to accommodate the situation, our legislature in 1873 enacted a statute, now Section 59.170 which provided: "Branch office, Jackson County. The recorder of deeds for Jackson County, Missouri, shall open an office at Kansas City, in which shall be recorded all deeds of trust, mortgages and other instruments affecting real and personal property situated in range thirty-three in said county, as well as all personal property." Laws of Missouri, 1873, Section 1, page 135.[3]

At the same time (1873) our legislature enacted another statute, now Section 59.180,

which provided: "It shall be the duty of the county court to furnish a suitable room in which said office (the Kansas City branch office of the recorder) shall be kept, and to furnish all fuel, books, stationery, etc., used in and about said office, and all deeds or instruments affecting real and personal property in said range thirty-three shall be recorded in a well-bound book, to be kept at said office in Kansas City; and it shall be the duty of the recorder without fee or reward, to make out, at least once in each week, an abstract of deeds and other instruments so recorded and file the same in the office at Independence which shall be open to the inspection of all persons and shall make out a like abstract of all instruments affecting real estate recorded at Independence, and file the same in the office at Kansas City." Laws of Missouri, 1873, Section 2, page 135.

During this time and for some years thereafter the eastern boundary of Range 33 was generally considered to be the approximate eastern boundary of the City of Kansas City. However, in more current times this is no longer true, and Kansas City has now spread considerably east of that line and into three counties in Missouri: Jackson, Clay and Platte. Jackson County, Missouri is situated in five ranges: namely, 29, 30, 31, 32 and 33. The City of Independence is generally considered as being in Range 32 although in recent times it, also, has spread by annexations into other ranges.

With this background, in 1956 a suit was presented in the United States District Court for the Western District of Missouri involving a chattel mortgage on a truck executed by a Jackson County resident who resided in Range 33. The chattel mortgage was filed in the office of the Recorder of Deeds in Independence, located in Range 32.

---

3. Sections 59.170 and 59.180 and 59.190 were enacted as local laws in 1873 and were never reenacted as a general law. They were not printed as a part of the revised statutes until 1929 when they appeared as Sections 14811 and 14812, 14813 in a special chapter entitled, "Laws Specially Applicable to Jackson County." They were omitted from the 1959 Revised Statutes in accordance with Section 3.040 providing no law of a private, local or temporary nature shall be published in the revised statutes.

The chattel involved was not located in Jackson County. Judge Whittaker, later Mr. Justice Whittaker of the United States Supreme Court, after reviewing the statutory sections set out above, ruled on February 17, 1956, that a chattel mortgage executed by a resident of Jackson County could be filed *either* at the main office of the Recorder of Deeds at Independence or in the branch office at Kansas City, regardless of where in Jackson County the mortgagor resided or the chattel was situated. In Re McKinley, D.C., 138 F.Supp. 4. In so ruling Judge Whittaker stated, loc. cit. 6-7: "Section 443.460 is about as plain and clear as words could make it. It says that a chattel mortgage 'filed in the office of the recorder of deeds of the county where the mortgagor * * * resides' is validly filed and gives constructive notice 'to all the world.' The Jackson County Recorder's office is, as shown, required to be in the county seat. Independence is the county seat of Jackson County. What basis is there then for saying that a chattel mortgage made by a resident of Jackson County and filed in the office of the Recorder at Independence, as this general statute requires, is not filed at the proper place, regardless of where the mortgaged chattel may be 'situated'? Certainly any basis for so saying would have to be clear and explicit.

"The only basis suggested by the Trustee is the language in Section 59.170, saying that the Recorder shall open a branch office in Kansas City 'in which shall be recorded all * * * instruments affecting real and personal property situated in range thirty-three in said county, as well as all personal property.' What does this ambiguous and duplicitous language mean? Does it clearly and explicitly negate anything said in Section 443.460? Was the duplicative use of the phrase 'personal property' in error, or was the last use of the phrase in the clause reading: 'as well as all personal property', intended to mean that a chattel mortgage, made by a resident of Jackson County, might be filed in the branch office of the Recorder at Kansas City regardless of where, in the county, the mortgaged property is 'situated'? I believe that this is what it means, and must be construed to mean. Such construction renders that statute consistent with its purpose of establishing a Recorder's branch office in Kansas City for the filing or recording convenience of the residents of Kansas City, and also consistent with the general statute known as Section 443.460."

Judge Whittaker's decision (which we hereafter refer to as the Whittaker decision) was appealed to the United States Court of Appeals, Eighth Circuit, and was affirmed on January 9, 1956. Bostian v. Universal C. I. T. Credit Corporation, 8 Cir., 238 F.2d 809.

The Whittaker decision concerned a mortgagor who lived in Range 33 (in Kansas City) and a chattel located outside of Jackson County (in Springfield). Thus, the chattel was not *situated* in Range 33 and under Section 59.170 the chattel mortgage was not required to be filed in the Kansas City branch office because the chattel was not situated in Range 33. However, the Whittaker decision went beyond the facts presented when it undertook to state the rule concerning chattels situated in Range 33 in Jackson County, and in declaring that chattel mortgages on chattels situated in Range 33 could be filed either at the Kansas City or at the Independence Recorder's Office. We need not now concern ourselves with the correctness or incorrectness of the dicta portion of the Whittaker decision for our legislature in 1957 took up anew the subject of what must be filed in the Range 33 (Kansas City) Recorder's Office, and enacted two new sections on the subject. They provided: "59.163. Instruments where recorded or filed in counties of class one having two recording offices.

"In any county of the first class in which the recorder of deeds is required by law to keep offices both at the county seat and at another place within the county, all deeds of trust, mortgages and other instruments affecting real property situated in that range

in the county where the office outside of the county seat is located shall be recorded in such office and not at the county seat; and all chattel mortgages, conditional sales contracts and other instruments creating liens or affecting personal property owned by a person residing in that range or situated in that range and owned by a person who is not a resident of this state, shall be recorded or filed in the office of the recorder of deeds which is situated in the range in which the owner resides or where the property is situated and not at the office of the county seat. Laws 1957, p. 347, § 1.

"59.167. Abstract of instruments in branch offices not required to be kept (class one counties).

"Any recorder of deeds of a county of the first class who is required by law to keep an office at the county seat and also at another place within his county is not required to make or keep at his office at the county seat any abstract or index of instruments or papers recorded or filed in the office outside of the county seat and no such abstract or index of instruments recorded at the county seat is required to be made or kept at the office outside of the county seat, any other provision of law to the contrary notwithstanding. Laws 1957, p. 347, § 2."

■ In construing statutes to ascertain legislative intent it is presumed the legislature is aware of the interpretation of existing statutes placed upon them by the state appellate courts, and that in amending a statute or in enacting a new one on the same subject, it is ordinarily the intent of the legislature to effect some change in the existing law. If this were not so the legislature would be accomplishing nothing, and legislatures are not presumed to have intended a useless act. Wright v. J. A. Tobin Construction Co., Mo.App., 365 S.W.2d 742; State ex rel, M. J. Gorzik Corp. v. Mosman, Mo.Sup., 315 S.W.2d 209.

In accordance with the above set out rules of statutory construction it is our view that by enacting Sections 59.163 and 59.167 the legislature intended to change the chattel mortgage recording statutes that applied to Jackson County as they had been interpreted by the Whittaker decision.

Neither appellant nor respondents disagree that *some* change was intended. However, they do disagree as to what specific change was intended. It is appellant's contention that the enactment of Sections 59.163 and 59.167 did not in any way change or affect the prior statutory enactments so far as the present factual situation is concerned. The statute, says appellant, does not attempt to deal with a situation involving persons who are residents of ranges in Jackson County other than thirty-three, or who are residents of other counties, in the State of Missouri and who own property situated in Range 33, Jackson County, Missouri. These factual situations, according to appellant, have been covered by Section 443.460.

Respondents' contention is that the basic principle of recording chattel mortgages, as established in the general recording statutes (Section 443.460) is that the chattel mortgage be recorded at the place of residency of the mortgagor. Such interpretation, says respondent is further bolstered by Section 59.167 abolishing in Jackson County the requirement by keeping at the county seat an abstract or index of instruments recorded at offices located outside the county seat.

Two Amici Curiae have filed excellent briefs. Each is presently engaged in substantial litigation in the federal bankruptcy court of this area in which the very question of law before this court is also the controlling question of law they face in that court. In conformity with the rule that the federal courts will follow the interpretation of local law of the particular state as announced by the state appellate courts our decision will determine the law on this question in their case.

Each Amicus Curiae takes opposing views, one supporting appellant's position

and the other the respondents' position. The general importance of the question before us is aptly stated by one of them: " * * * it affects the rights of every person relying on chattel security. Thousands of chattel mortgages involving millions of dollars are filed in Jackson County each year. Merchants, lenders and other persons dealing with chattel security must know that security instruments are filed in the proper office of the recorder of deeds and that they have searched the (proper) public records * * *."

█ As a result of our study of the referred to statutes we are persuaded it was the intention of the legislature that Section 59.163 requires all chattel mortgages, conditional sales contracts, and other instruments creating liens or affecting personal property owned by a person residing in Range 33 to be filed in the office of the recorder of deeds in Range 33 at Kansas City, but that all chattel mortgages, conditional sales contracts and other instruments creating liens or affecting personal property owned by a person who does not reside in Range 33 and who does reside in one of the other four ranges in Jackson County are still authorized to be filed either at the Kansas City Recorder's Office or at the Recorder's Office at the county seat in Independence.

We proceed to state the reasons for our decision. We have accepted the Whittaker decision, other than its dicta, for the persuasive reasons contained therein and because of obvious public reliance thereon as a correct construction of the statutes as they then existed. More important, the prior existing and still existing general recording statute, Section 443.460 gave mortgagees the benefits of the recording law if the chattel mortgage was "recorded in the county in which the mortgagor or grantor resides * * *." Thus under Section 443.460 if a county had more than one location within the county of its recorder's office the chattel mortgage could be recorded at any of these locations of the recorder's office, and entitle the mortgagee to the benefits of the recording statutes. Section 59.163, applicable only to Jackson County, provides that " * * * all chattel mortgages * * * affecting personal property owned by a person residing in that range (the term "that range" clearly referring to and meaning Range 33) * * * shall be recorded or filed in the office of the recorder of deeds which is situated in that range in which the owner resides * * *." (Range 33). In so far as we are presently concerned, Section 59.163 changes (amended) Section 443.460 only to the extent of providing that chattel mortgages affecting personal property owned by a person residing in Range 33 must be filed at the branch office of the recorder in Range 33. It did not repeal or change by implication or otherwise that part of Section 443.-460 permitting chattel mortgages affecting personal property owned by a person residing in Jackson County but outside of Range 33 to file the chattel mortgage either at the Kansas City or the Independence locations of the recorder's office and thereby obtain the benefits of the recording statutes.

Respondents contend statutory Section 59.163 should be so broadly construed as to require chattel mortgages of those living in Range 32 to be filed in Range 32. However, neither the plain intent expressed in Section 59.163 nor accepted rules of statutory construction would lead to such a conclusion.

█ It is the established rule of construction that the law does not favor repeal by implication and where there are two or more provisions relating to the same subject matter they must, if reasonably possible, be construed so as to maintain the integrity of both. State ex rel. Newton McDowell, Inc., v. Smith, 334 Mo. 653, 67 S.W. 2d 50. As stated in State ex rel. and to Use of George B. Peck Co. v. Brown, 340 Mo. 1119, 105 S.W.2d 909, 911, "Repeals by implication are not favored—in order for a later statute to operate as a repeal by implication of an earlier one, there must be

such manifest and total repugnance that the two cannot stand * * *." It is also a rule of construction that where two statutes treat of the same subject matter, one being special (59.163) and the other general (443.-460), unless they are irreconcilably inconsistent, the latter, although later in date, will not be held to have repealed the former, but the special act will prevail in its application to the subject matter *as far as it comes within the special provisions.* State ex rel. Newton McDowell, Inc. v. Smith, supra; State ex rel. Preisler v. Toberman, 364 Mo. 904, 269 S.W.2d 753.

There is no exclusionary language contained in Sections 59.163 or 59.167 which would prohibit the filing or recording at either the Kansas City or Independence offices of chattel mortgages wherein the mortgagor lived in Jackson County but not in Range 33. Section 59.163 simply did not attempt to legislate in that area of the general recording statute. Thus the mentioned rules of construction lead to our stated conclusion that Section 59.163, applying only to Jackson County, did not repeal by implication that portion of the general recording statute (443.460) permitting residents of Jackson County outside of Range 33 to file their chattel mortgages either at the mentioned Kansas City or the Independence offices. Since the plain language of Section 59.163 only partially changed the existing filing and recording law it must be assumed this was an expression of legislative intent to continue that part of the law not so revised.

We now come to the effect of Section 59.163 on Section 59.170, having in mind the latter section was enacted in 1873. It provided for a branch office at Kansas City, and it also endeavored (in a confusing manner) to provide that it was the place where a chattel is *situated* that is important in determining where the chattel mortgage must or can be filed. We take judicial notice that in 1873 there were no automobiles, that Jackson County was much more rural in nature and population than now

and that as to personal property it was therefore easier to know where it was situated and likely to remain. But in 1957 our legislature clearly wanted to replace the test of where a chattel is situated with the test of where the owner of the chattel resides, the same test as is used in the general recording statute (Section 443.460). Thus, in Section 59.163 the test for determining what chattel mortgages must be filed at the Kansas City branch office of the recorder is where the owner of the chattel *resides,* and not where the chattel is situated. To this extent Section 59.163 by implication repealed Section 59.170. The result is that if the owner of the affected chattel resides in Range 33 the chattel mortgage must be filed at the Kansas City branch office of the recorder and not at the Independence office, but if the owner of the affected chattel lives in some range in Jackson County other than Range 33 the chattel mortgage may be filed at either the Kansas City branch office or at the Independence office of the recorder, irrespective of where the chattel is situated.

It is noteworthy that House Bill 502 as originally introduced in the 69th General Assembly after providing for a recorder's office at Kansas City stated, "in which (office) shall be recorded all deeds of trust, mortgages and other instruments affecting real and personal estates situated in Range 33 in said county and deeds of trust, mortgages, conditional sales contracts and other instruments creating liens or affecting personal property owned by a person residing in Range 33 in said county." This bill was amended in committee by removing that portion requiring personal estates *situated* in Range 33 to be filed in the Kansas City office and instead required only that chattel mortgages, etc. affecting personal property owned by a person *residing* in Range 33 be filed in the Kansas City office. As amended the bill became our present Statutory Section 59.163. This history of Section 59.163, we think, is further evidence supporting our previously expressed view of the legislative intent contained in Section 59.163.

It is true that Section 59.167 relieves the recorder of deeds of the obligation to maintain an index or abstract of instruments filed at its branch office and vice versa. The legislature might have believed the problem and cost of maintaining two office indexes and abstracts of duplicatory nature (one of which had a one week hiatus) was no longer warranted. In any event there is no intent expressed in Section 59.167 to repeal or change any part of the recording law other than that relating to the maintaining of somewhat duplicatory indexes and abstracts, and such action is not persuasive of respondents' position on this appeal.

Respondents stress their suggested interpretation of the statutes carried forth "the fundamental principle of recording chattel mortgages at the office in the range of the mortgagor's residency for counties of the first class and render chattel mortgages filed in any other range invalid." However, as earlier noted, there are parts of five ranges in Jackson County. Obviously those residing in Ranges 29, 30, and 31 cannot file a chattel mortgage within their range in Jackson County for there is no recorder's office located there.

Respondents state it would be helpful to those who wish to check chattel mortgage records to be able to check them all at one location. But would it be helpful to those in Range 33 (Kansas City) who sell chattels or extend credit to Jackson Countians who live outside Range 33, to have to go to the Recorder's Office in Independence to file or record their chattel mortgages? Questions such as this properly belong to the legislature which is peculiarly adapted to weigh and evaluate the considerations. The courts cannot rewrite the statutes the legislature in its wisdom has enacted no matter how much such rewriting is desired by a particular group.

We conclude by restating our ruling that appellant's chattel mortgage was properly filed of record in order to obtain the legal advantages of recording, and the mortgage lien thereby acquired is duly preserved

against respondents. Accordingly, the judgment of the circuit court, except as it granted the $450.00 attorney's fee, is reversed and the cause is remanded with directions that a new judgment be entered in accordance with this opinion.

All concur.