**Jerry KILBANE d/b/a Kilbane Dental Lab, Appellant,**

v.

**The DIRECTOR OF the DEPARTMENT OF REVENUE of the State of Missouri, Respondent.**

No. 59341.

Supreme Court of Missouri, En Banc.

Dec. 13, 1976.

Jack N. Bohm, Stoup & Bohm, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Douglas Mooney, Asst. Atty. Gen., Jefferson City, for respondent.

FINCH, Judge.

■ This is an appeal from a judgment which affirmed an assessment of sales tax by the Missouri Department of Revenue on gold and porcelain crown and bridgework fabricated on prescription by appellant for dentists. The sole issue for determination on appeal is whether such purchases by dentists are sales at retail within the definition thereof contained in § 144.010.1(9).[1] Since construction of the revenue laws of the state is involved, we have jurisdiction. Art. V, § 3, Mo.Const.

This case was heard in Division Two wherein an opinion was adopted which reversed the judgment and directed abatement of the tax assessed. Thereafter, the case was transferred to the court en banc and reheard. We affirm.

Appellant operates a dental laboratory in which he makes crown and bridgework pursuant to orders received from dentists. Appellant is furnished a prescription for each order, usually accompanied by an impression of the mouth of the patient. When completed, the crowns and bridgework are furnished to the dentist who then installs them in the mouth of his patient.

Appellant purchases from dental supply houses the various materials used by him in making crowns and bridgework. He pays sales tax on those materials but has not reported and paid sales tax on crowns and bridgework made for and sold to dentists.

On February 13, 1975, the Director of Revenue made an assessment of sales tax on bridgework and crowns sold by appellant between January 1, 1971, and March 30, 1974. Appellant contested the assessment and an evidentiary hearing was held by a hearing officer for the Department of Revenue. He made findings of fact and conclusions of law wherein he upheld the assessment, after allowing credit thereon for sales taxes shown to have been paid by appellant on materials used in making the crowns and bridgework. The amount of the assessment approved, including penalty and interest to date of the hearing officer's order, was $9,446.04. Thereafter, on petition for review to the circuit court, the assessment was affirmed and judgment was entered accordingly. This appeal followed.

In *Berry-Kofron Dental Laboratory Co. v. Smith*, 345 Mo. 922, 137 S.W.2d 452 (1940), this court determined that under the then existing sales tax law a dental laboratory was not liable for sales taxes on sales to dentists of articles similar to those involved here. At that time, § 1(g) of the Sales Tax Act, Laws 1937, p. 552, defined retail sales thus: " 'Sale at retail' means any transfer made by any person engaged in business as defined herein of the ownership of, or title to, tangible personal property to the purchaser, for use or consumption and not for resale in any form as tangible personal property, for a valuable consideration." The court concluded that sales by dental laboratories to dentists of dentures, inlays, bridgework and other such items were not sales at retail within that definition and were not subject to sales tax. In so holding, the court concluded that when the dentist placed such devices in the mouths of his patients, he did not use or consume them.

■ Thereafter, in 1947, the Missouri General Assembly amended the Sales Tax Act by adding to the definition of "Sale at

1. In RSMo 1969, the section number is 144.-010.1(8). However, as a result of an amendment to § 144.010 in 1975, it is now listed in V.A.M.S. as 144.010.1(9).

Retail" the following language: ";  *provided, however*, that for the purposes of this act and the tax imposed thereby, purchases of tangible personal property made by duly licensed physicians, dentists and veterinarians and used in the practice of their professions shall be deemed to be purchases for use or consumption and not for resale." [2] The question squarely presented is whether, as a result of this amended definition of "Sale at Retail," sales of items such as crowns and bridgework, made for and sold to dentists for use in the mouths of their patients, are subject to sales tax.

When *Berry-Kofron* was decided, the sales tax law made taxable the transfer of tangible personal property for use or consumption by the purchaser. The act did not define the words "use" or "consumption" and there was no language specifically indicating whether the legislature intended to include therein items such as crowns, bridgework or dentures purchased by dentists on prescription for installation in the mouths of their patients. Accordingly, the court reviewed various dictionary definitions and concluded that the items in question were not used or consumed by the dentist. On that basis the court held that the sales thereof were not taxable to the dental laboratory, the seller.

With that background, the General Assembly enacted the 1947 amendment. By that amendment, the legislature added language to the existing definition which said that henceforth purchases of tangible personal property by dentists which were then used in the practice of their profession "shall be deemed to be purchases for use and consumption and not for resale". The same was to be true of similar purchases by physicians and veterinarians. What did the legislature intend by that amendment? What change in the applicable law was made?

Appellant argues that the new language applies only to things purchased from dental supply houses, such as dentist's chairs, surgical instruments, bandages, tongue depressors, medicines, etc., but does not apply to items made on order by dental laboratories and sold to the dentist placing the order. We find no language in the act to support such an interpretation. Neither dental supply houses nor dental laboratories are mentioned in the act. Furthermore, adoption of the interpretation proposed by appellant would mean that the 1947 amendment made no change in the law, because the items listed by appellant as taxable under the amended law were taxable before the amendment. In other words, the 1947 amendment would have accomplished nothing and would have been a useless act. Legislative changes should not be so construed unless no other conclusion is possible. The applicable rule of construction, stated in *Gross v. Merchants-Produce Bank*, 390 S.W.2d 591, 597 (Mo.App.1965), is as follows:

"In construing statutes to ascertain legislative intent it is presumed the legislature is aware of the interpretation of existing statutes placed upon them by the state appellate courts, and that in amending a statute or in enacting a new one on the same subject, it is ordinarily the intent of the legislature to effect some change in the existing law. If this were not so the legislature would be accomplishing nothing, and legislatures are not presumed to have intended a useless act. *Wright v. J. A. Tobin Construction Co.*, Mo.App., 365 S.W.2d 742; *State ex rel. M. J. Gorzik Corp. v. Mosman*, Mo.Sup., 315 S.W.2d 209."

In accordance with *Gross*, we start with the premise that by adding to the definition of "Sale at Retail", the legislature intended to and did make a change in what the law covered. It included therein items which under the existing law were excluded. While we have no legislative history to demonstrate that this change was prompted by *Berry-Kofron*, it seems most likely that it was. Under the law as it was prior to the 1947 amendment, materials purchased by a dentist and then used in filling teeth would have been taxable as items used or consumed in the doctor's practice. This would

2.  Laws 1947, Vol. I, p. 535.

include materials such as gold. Thus, when gold was placed inside the tooth, it was considered to be used or consumed but under *Berry-Kofron*, when gold crowns were placed *on* the tooth, they were not used or consumed. The first was a taxable purchase but the second was not. Understandably, the legislature sought to eliminate this apparent inconsistency. They said that if tangible personal property is used by the physician, dentist or veterinarian in the practice of his profession, it shall be deemed to have been purchased for use or consumption and, hence, taxable.

Clearly, the dentist uses crowns and bridgework in the practice of his profession, just as does a surgeon use in his practice a pin which he inserts in a fractured bone or an artificial joint which he uses to replace a damaged or improperly functioning joint. The fact that the item so used retains its form when placed in the patient does not mean that the doctor has not used the item in the practice of his profession.

In arguing that the purchases of crowns and bridgework are not taxable, appellant's brief stresses the fact that materials used represented only a small portion of the cost of crowns and bridgework.[3] We find nothing in the Sales Tax Act which indicates that whether sales tax is due depends on the respective percentages of labor and materials in the product sold. The meaning of the 1947 amendment cannot be resolved on that basis.

Finally, appellant relies on Rule No. 68 promulgated by the Director of Revenue. That rule states as follows:

"Purchases referred to in these instances would encompass dentist's chairs, surgical instruments, bandages, tongue depressors, etc., including medicines consumed in the rendering of their services."

It is argued by appellant that the foregoing rule, representing the Director's interpretation of § 144.010.1(9), as amended, does not include crowns or bridgework which shows that the Director did not interpret the 1947 amendment as including them. We do not agree. The rule lists several items as examples and then adds "etc.", thereby indicating that other things are included. It does not purport to list each and every kind of purchase which will be taxable. We find nothing in the rule which would justify the interpretation of the amended act urged by appellant or the conclusion that the Director so construed the amendment.

We are not called upon in this case to review the propriety of the decision in *Berry-Kofron* because we construe herein a statute with different provisions than those contained in the statute construed in *Berry-Kofron*. We do hold that *Berry-Kofron* is not authority for exempting appellant's purchases of crowns and bridgework from sales tax under the existing act and is not to be followed in construing coverage by the present act.

Judgment affirmed.

SEILER, C. J., and HOLMAN and BARDGETT, JJ., concur.

HENLEY, J., dissents in separate dissenting opinion filed.

MORGAN and DONNELLY, JJ., dissent and concur in separate dissenting opinion of HENLEY, J.

HENLEY, Judge (dissenting).

I respectfully dissent and as my dissenting opinion adopt the reasoning summarized in an opinion written in Division II by Eager, Special Commissioner, as follows:

The original statute taxed sales of tangible personal property for use or consumption by the purchaser. In the *Berry-Kofron* case, referred to in the majority opinion, the court held that a dentist purchasing a denture from a laboratory does not use or consume the denture in his practice when he places it in his patient's mouth in the course of his professional services; that the patient is the one who uses it by applying it to the purposes for which it was intended. The same is true of crowns and bridges. The 1947 amendment provides that the pur-

---

**3.** Appellant testified that between 80% and 95% of the sale price for crowns and bridge- work represents labor and only 5% to 20% represents materials used.

chase of tangible personal property by dentists and physicians which is "used in the practice of their professions" is deemed to be a purchase for use and consumption. Thus, the requirement of "use" in the practice is preserved in the amendment. And the key element here is just that: is the crown or bridge *"used"* by the dentist in his practice? *Berry-Kofron* says it is *not*. The legislature may perhaps have intended to negate the effect of *Berry-Kofron*, as respondent says, but, if so, it did not choose appropriate language. We must be guided by the language which it did use. And, in fact, we must assume, perhaps more theoretically than realistically, that the legislature was cognizant of the meaning of the language as construed in the *Berry-Kofron* case. In any event, "used in the practice" means what this court has previously held that it means, absent some contrary provision in the statute, or absent our overruling *Berry-Kofron*. I would not overrule that case, and note that the majority opinion does *not*.

Accordingly, I would reverse the judgment and remand the case with directions that the circuit court enter judgment reversing the decision of the Director of Revenue with directions to him to abate his assessment of sales tax against appellant.