WATERWAY GAS 'N WASH, INC., a corporation, Appellant,

v.

N. P. SANDBOTHE and G. J. Grewe, Respondents.

No. 37735.

Missouri Court of Appeals, St. Louis District, Division One.

April 26, 1977.

B. C. Drumm, Jr., Clayton, for appellant.

David G. Dempsey, Clayton, for respondents.

CLEMENS, Presiding Judge.

Plaintiff-optionee sued defendant-optionors to recover a $2,500 refundable deposit plaintiff had paid defendants for an option to buy their land. Judgment was for defendants and plaintiff has appealed.

The issues: Did plaintiff comply with its contractual obligation to use its best efforts to obtain rezoning? If not, did defendant waive that requirement?

Plaintiff-optionee and defendants-optionors entered into a contract whereby plaintiff paid defendants $2,500 for a one-year option to purchase its land. The option contract provided plaintiff would use its best effort to diligently apply to the St. Louis County Planning Commission for a change of zoning. Sellers agreed to return the option money on ten days' notice that plaintiff did not intend to exercise the option, provided plaintiff so endeavored.

The county ordinance declaring procedure for rezoning required a site plan showing proposed uses and structures, existing and proposed contours, locations of trees, section profiles showing building form, proposed ingress and egress and a plan for sanitation facilities.

On January 28, 1972 plaintiff filed a picture of the proposed site and its legal description with the County Planning Commission. The Commission requested additional information from plaintiff to meet the procedural requirements of the ordinance. Plaintiff did not comply and failed to get the zoning change.

Soon thereafter plaintiff discovered that another application was pending before the Commission for a similar use nearby and then became disenchanted with prospects for success. Plaintiff discussed this other application with defendant and both agreed the success of plaintiff's application looked "pretty grim." Plaintiff then told defendants it did not seem reasonable to proceed with the application, that plaintiff would not exercise its option and wanted defend-ant to return the option money. Defendant, in a later conversation, suggested the option money might be considered as option money on another site, but no firm agreement was reached.

Plaintiff then wrote defendants demanding a refund of the option deposit. Defendants did not comply and plaintiff sued.

After trial the court entered judgment for defendant and denied plaintiff's motion for new trial. Plaintiff appealed.

■ Plaintiff's right to a refund of the option money was by agreement specifically conditional. It was plaintiff's burden to show it had used its best effort and had employed diligence to secure rezoning. The trial judge found it had not, and this finding was supported by evidence of plaintiff's complete failure to meet the County's requirements for a detailed application to support its application for a zoning change. We deny plaintiff's first point.

■ Plaintiff's second point is that defendants waived plaintiff's contractual obligations concerning rezoning. Plaintiff did not plead waiver by defendant or assert it at trial. Waiver is an affirmative defense and must be pleaded. Civil Rule 55.08. A new issue, an affirmative defense, not pleaded, presented, or passed on in the trial court, cannot be presented for the first time on appeal. *Gross v. Merchants-Produce Bank*, 390 S.W.2d 591[3] (Mo.App.1965).

Judgment affirmed.

DOWD and SMITH, JJ., concur.