The Honorable Jan Martinette Representative, District 47 State Capitol Building, Room 101 Jefferson City, Missouri 65101
Dear Representative Martinette:
This opinion is in response to your question asking:
 Must the notice of a closed meeting of the Mayor and Board of Aldermen as required by the Missouri Sunshine Law, RSMo § 610.022.2, include a tentative agenda of the closed meeting other than reference to the specific statutory exceptions contained in RSMo § 610.022.2 which can be the subject of a closed meeting?
In the statement of facts accompanying your question, you state:
 On Tuesday, January 23, 1990, at a regularly scheduled meeting of the Mayor and Board of Aldermen of the City of Grandview, the Board of Aldermen voted to meet in closed session on Tuesday, January 30, 1990, for the purpose of discussing the following items: (1) legal actions, causes of action or litigation, and any confidential or privileged communications between the City or its representatives and its attorneys; and (2) preparation of a public governmental body or its representatives for negotiations with employee groups. The minutes of the January 23, 1990, meeting of the Board of Aldermen reflect the roll call vote on the question of the closed session and recite the closed meeting discussion items. On Wednesday morning, January 24, 1990, a notice of the closed meeting to be conducted on Tuesday, January 30, 1990, at 6:30 p.m. was posted in City Hall on two bulletin boards and in an enclosed glass case, all accessible to the public during normal business hours. That notice recited the statutory exceptions permitting the closed meeting as follows: (1) legal actions, causes of action or litigation, and any confidential or privileged communications between the City or its representatives and its attorneys; and (6) preparation of a public governmental body or its representatives for negotiations with employee groups. (A copy of the Notice of Closed Meeting is attached hereto as Exhibit 1.) On Monday, January 29, 1990, City Administrator Bob Sisson was contacted by an attorney for The Kansas City Star. The attorney questioned the sufficiency of the Notice of Closed Meeting, and stated his position that any notice of a closed meeting must include a tentative agenda of the matters to be discussed at the closed meeting. . . .
Chapter 610, RSMo, was extensively amended in 1987. Pursuant to that amendment, the law requires a liberal construction in favor of openness. Section 610.011, RSMo Supp. 1989, provides in part: "It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law." Section 610.021, RSMo Supp. 1989, lists fifteen specific exceptions which would authorize a public governmental body to close a meeting, record or vote.
Chapter 610, RSMo Supp. 1989, contains the following two provisions relating to notice of meetings:
 610.020. Notice of meetings, when required. — 1. All public governmental bodies shall give notice of the time, date, and place of each meeting, and its tentative agenda, in a manner reasonably calculated to apprise the public of that information. Reasonable notice shall include making available copies of the notice to any representative of the news media who requests notice of a particular meeting and posting the notice on a bulletin board or other prominent place which is easily accessible to the public and clearly designated for that purpose at the principal office of the body holding the meeting, or if no such office exists, at the building in which the meeting is to be held.
 2. Notice conforming with all of the requirements of subsection 1 of this section shall be given at least twenty-four hours prior to the commencement of any meeting of a governmental body unless for good cause such notice is impossible or impractical, in which case as much notice as is reasonably possible shall be given. . . .
* * *
 610.022. Closed meetings, procedure and limitation — public records presumed open unless exempt. —
* * *
 2. A public governmental body proposing to hold a closed meeting or vote shall give notice of the time, date and place of such closed meeting or vote and the reason for holding it by reference to the specific exception allowed under the provisions of section 610.021. Such notice shall comply with the procedures set forth in section 610.020 for notice of a public meeting.
Subsections 1 and 2 of Section 610.020 existed in their present form in 1986. However, prior to the 1987 amendment to Chapter 610, notice requirements for a closed meeting were set out in Section 610.025.5, RSMo 1986 (repealed) which provided in part: "Notice of the closed meeting, record, or vote shall also be given as provided in section 610.020."
In construing statutes to ascertain legislative intent, it is recognized that "in amending a statute or in enacting a new one on the same subject, it is ordinarily the intent of the legislature to effect some change in the existing law."Kilbane v. Director of Department of Revenue, 544 S.W.2d 9, 11
(Mo. banc 1976). Therefore, if the notice requirements for open meetings and closed meetings were to be identical, there would have been no reason to amend the notice provisions for closed meetings.
Section 610.020, RSMo Supp. 1989, establishes requirements for notice for "each meeting" of a public governmental body. Section 610.022.2 provides requirements for notice of a "closed meeting." Where an apparent conflict exists among statutes relating to the same subject, they are to be harmonized to give meaning to all provisions of each. State ex rel. Lebeau v.Kelly, 697 S.W.2d 312, 315 (Mo.App. 1985). As stated inLaughlin v. Forgrave, 432 S.W.2d 308, 313 (Mo. banc 1968):
 Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them the special will prevail over the general statute.
In construing these statutes together, the specific provisions for notice of a proposed closed meeting require the notice to include the time, date and place of the meeting and a reference to the specific statutory exception allowing the meeting to be closed, as required by Section 610.022.2, RSMo Supp. 1989. Further, the notice must "comply with the procedures set forth in section 610.020," the general requirement for notice of a public meeting. These procedures include making notice available to representatives of the news media upon request; posting the notice prominently in a place accessible to the public at the principal office of the body holding the meeting or, if no such office exists, at the place of the meeting; and posting notice at least twenty-four hours prior to the meeting. The "tentative agenda" requirement of Section 610.020, RSMo Supp. 1989, is a matter of content of a notice of an open meeting, not a procedure for notice of a meeting.
This conclusion is consistent with the public policy stated in Section 610.011, RSMo Supp. 1989. All meetings are open to the public unless otherwise provided by law. The legislature has listed fifteen statutory exceptions where the public interest may require that business be discussed in a closed meeting. Notice of a closed meeting must reference the specific statutory exception allowing the meeting to be closed. However, to require also an agenda of the closed meeting would defeat the protections intended by closure.
CONCLUSION
It is the opinion of this office that pursuant to Section610.022.2, RSMo Supp. 1989, notice of a closed meeting of a public governmental body must include the time, date and place of the meeting and a reference to the specific statutory exception allowing the meeting to be closed; however, notice of a closed meeting is not required to include a tentative agenda.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General